UNITED STATES, Appellee

v.

JOHN W. GROVES, Private First Class, U. S. Army, Appellant

2 USCMA 541, 10 CMR 39

No. 1900

Decided May 20, 1953

Lt Col George E. Mickel, U. S. Army, and 1st Lt Richard M. Hartsock, U. S. Army, for Appellant.

Lt Col Thayer Chapman, U. S. Army, and 1st Lt Joseph C. Chandler, U. S. Army, for Appellee.

## Opinion of the Court

Per Curiam:

The accused was convicted by general court-martial, sitting in Japan, of four offenses: wrongfully wearing the insignia of an enlisted grade higher than his own actual grade,[1] absence without leave,[2] willfully damaging military property,[3] and committing an assault in which grievous bodily harm was intentionally inflicted.[4] He was sentenced to receive a dishonorable discharge, to total forfeitures, and to confinement for five years. This Court granted accused's petition for review following affirmance by intermediate reviewing authorities of the findings and sentence of the court-martial.

Specific intent is an element of two of the offenses of which accused stands convicted, to wit, willfully damaging military property, and assault in which grievous bodily harm was intentionally inflicted. The record is replete with evidence that the accused was deeply intoxicated at the time of the commission of the acts which form the basis of the charges against him. The law officer instructed the court-martial as

[1] Uniform Code of Military Justice, Article 134, 50 USC § 728.
[2] Id., Article 86, 50 USC § 680.
[3] Id., Article 108, 50 USC § 702.
[4] Id., Article 128, 50 USC § 722.

**541**

to the elements of applicable lesser included offenses, but gave no instruction as to the possible legal effect of intoxication upon ability to entertain a specific intent. In the face of the extensive evidence of intoxication, this failure was prejudicial error. United States v. Drew (No. 422), 4 CMR 63, decided July 23, 1952; United States v. Wray (No. 1307), 6 CMR 26, decided October 10, 1952; United States v. Backley (No. 1588), 9 CMR 126, decided May 12, 1953.

Accordingly, the convictions of willfully damaging military property and assault in which grievous bodily harm was intentionally inflicted are reversed. The error presented does not touch the remaining convictions and they must be affirmed. The record is returned to The Judge Advocate General, United States Army, for reference to the board of review for consideration of affirmance of lesser included offenses, for rehearing, or for other action not inconsistent herewith.

