UNITED STATES, Appellant

v.

GEORGE WRIGHT Jr., Private E-2, U. S. Army, Appellee

3 USCMA 431, 12 CMR 187

No. 2653

Decided October 23, 1953

COL Allan R. Browne, U. S. Army, LT COL William R. Ward, U. S. Army, and 1ST LT Benjamin C. Flannagan, U. S. Army, for Appellant.

LT COL Edgar R. Minnich, U. S. Army, CAPT William C. Irby, Jr., U. S. Army, and 1ST LT Wade J. Dahood, U. S. Army, for Appellee.

## Opinion of the Court

PER CURIAM:

The accused was convicted by general court-martial of damaging Government property through neglect in violation of Article 108, Uniform Code of Military Justice, 50 USC § 702, and of leaving his post in violation of Article 113, of the Code, supra, 50 USC § 707. The convening authority approved the findings and sentence. The findings on the charge of damaging property were arrived at by exceptions and substitutions upon an original charge alleging willful damage. Declaring willfulness precluded negligence, the board of review set the findings as to this charge aside. It affirmed the remaining findings and the sentence. The case is before this Court upon certificate of The Judge Advocate General of the Army, filed in accordance with Article 67(b)(2) of the Code, supra, 50 USC § 654. The certificate presents a single question:

"Under Article 108, Uniform Code of Military Justice, is the damaging of military property of the United States *through neglect* a lesser included offense to *willfully* damaging such property by force?"

In view of the fact that the offense found by the court to have been committed was reasonably raised by the evidence, no recitation of the facts is necessary. Our sole concern, therefore, is with the question of whether the offense found to have been committed is a lesser included offense of that charged.

Article 108, supra, makes it an offense either willfully or through neglect to damage, destroy, or lose any military property of the United States. It is evident that the gravamen of the offense is damage, destruction, or loss of such property. The nature of the act alleged as its cause clearly serves to classify the relative seriousness of the offense. Thus, in assessing punishment for destruction of property of a value less than $20.00, Manual for Courts-Martial, United States, 1951, paragraph 127c, prescribes a maximum penalty of dishonorable discharge, total forfeiture and confinement for six months when such destruction is willful; but confinement and partial forfeiture for three months only is provided for when caused by neglect. In point of seriousness, then, the latter offense is less than the former.

Negligent conduct has been held in many instances to be included within a charge alleging willful acts. Thus, in United States v. Clark, 1 USCMA 201, 2 CMR 107, decided February 29, 1952, negligent homicide was held a lesser included offense of voluntary manslaughter. Willful disobedience has been held to include the offense of failure to obey, that is, non-compliance with orders arising out of heedlessness, remissness, or neglect. United States v. Sheehan, 1 USCMA 532, 4 CMR 124, decided August 6, 1952; United States v. Stout, 1 USCMA 639, 5 CMR 67, decided August 27, 1952. In the light of these decisions, destruction of Government property through neglect appears to be a lesser included offense of willful destruction of such property, whenever it is reasonably raised by the evidence without regard to its description in the specification. This result follows upon our decision in United States v. Groves, 2 USCMA 541, 10 CMR 39, decided May 20, 1953.

In view of the foregoing, the question certified is answered in the affirmative.

432

The decision of the board of review as to this offense is reversed, and the case is remanded to The Judge Advocate General of the Army for further action not inconsistent with this opinion.