UNITED STATES, Appellant

v

VICTOR J. BERNACKI, Private First Class,
U. S. Army, Appellee

13 USCMA 641, 33 CMR 173

No. 16,405

April 12, 1963

First Lieutenant Robert E. Shepherd, Jr., argued the cause for Appellant, United States. With him on the brief was Lieutenant Colonel Francis M. Cooper.

Captain Daniel H. Benson argued the cause for Appellee, Accused. With him on the brief were Lieutenant Colonel Ralph Herrod and Captain David M. Gill.

## Opinion of the Court

KILDAY, Judge:

All of the charges in the instant case stem from accused's endeavor to return to Fort Campbell, Kentucky, from

Nashville, Tennessee, after he had missed his ride back to the post. He had been in town drinking beer, and evidently forgot to meet at a designated place to catch his ride until after the appointed time. When he got there, some two hours late, his friends had departed. Left to return by his own devices and seeing an automobile with the keys still in the ignition switch, accused took it. As he left the parking lot, he started to turn the wrong direction on a one-way street. This attracted the attention of city police in a patrol car who, in view of accused's actions, sought to stop him. To avoid apprehension, he drove away from the police at high speed through the city streets. His flight was ended when he wrecked the automobile, damaging it in the amount of some $226.00. Civilian authorities took accused into custody. Subsequently, he was returned to military control and charges were preferred.

In due course, the same were referred to trial where, on his pleas of guilty, accused was convicted by general court-martial for wrongfully and willfully damaging a privately owned automobile, reckless driving, and wrongful appropriation of a motor vehicle, in violation of Articles 109, 111, and 121, Uniform Code of Military Justice, 10 USC §§ 909, 911, and 921, respectively. The court sentenced him to bad-conduct discharge, total forfeitures, confinement at hard labor for one year, and reduction. The convening authority approved and, thereafter, a board of review considered accused's case. The board held accused's plea of guilty to the Article 109 offense was improvident. Accordingly, the finding of guilty as to that crime was set aside. The board of review dismissed that charge and its specification and ordered a rehearing on sentence as to the remaining two offenses.

Pursuant to Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, The Judge Advocate General of the Army has certified the case to this Court, requesting action on the following issue:

Was the board of review correct in holding that the plea of guilty was improvident as to Charge I and its specification because the offense of willful and wrongful damage to private property requires proof of an actual intention to damage, as distinguished from a reckless disregard of property rights of such a high degree as to carry an implication of willfulness?

After accused entered his pleas of guilty at trial, and apparently to apprise the court-martial members of the circumstances of the offenses, the prosecution introduced accused's written pretrial confession. His account therein of the chase by Nashville police included the following statement:

". . . [T]he police car turned around and started following me they turned the red light on. I speeded up trying to get away from them, during this time I was speeding up to about 110 MPH they were about 200 yards behind when I lost control and wrecked the car. . . ."

To like effect, after findings and during the presentencing proceedings, accused gave this sworn testimony regarding the accident:

"Well, sir, as I was coming down the road, I put on my brakes to make a turn and as I did I was going too hard and the gravel slid me off the road."

Before the board of review, appellate defense counsel urged that accused's plea of guilty to the Article 109 offense was improvident. In short, the contention advanced was that the damage in this case was caused by accused's reckless driving, the basis of a separate charge against him,[1] which is insufficient to support a finding of the alleged willful damage. Referring with approval to United States v Fuller, 27 CMR 540, the board agreed with the argument, stating that:

". . . the words 'willfully and wrongfully' in Article 109 require proof of an actual intention to damage, as distinguished from 'a reck-

---

[1] The law officer, we note, held the two offenses multiplicious for sentence purposes.

less disregard of property rights . . . of such a high degree as to carry an implication of willfullness.' Paragraph 188, *Manual for Courts-Martial, United States, 1951."*

Accordingly, the board of review set aside accused's conviction under Article 109. The legal propriety of that action is the question posed by the certified issue.

Our inquiry may appropriately commence with consideration of Article 109, Uniform Code of Military Justice, .supra. It prescribes for the imposition of criminal sanctions against one subject to military law:

". . . who willfully or recklessly wastes, spoils, or otherwise willfully and wrongfully destroys or damages any property other than military property of the United States. . . ."

Close analysis of the terms of the Article itself, indicates two offenses are denounced: the waste ▪ or spoliation of real property; and destruction or damage to personalty. See United States v Fuller, supra; United States v Ferguson, 21 CMR 714. As to the former, either willful *or* reckless waste or spoliation is proscribed. But, as to personal property, we note that the disjunctive alternative of a reckless act is singularly missing; the Code outlaws damage or destruction done "willfully and wrongfully." With regard to the second category, then, it is patent the act denounced must be, always and in every instance, willful. Moreover, it is obvious something more than mere reckless action is contemplated thereby, for recklessness is mentioned, in the very same Article but separately from, willful acts. The nub of our inquiry, therefore, is simply how broadly or how narrowly the term "willfully," in Article 109 of the Uniform Code, supra, is to be construed.

The Government asserts, before this Court, that the willfulness involved in the offense in question does not constitute an "actual intention"; that it is not a specific intent. Rather, counsel for the Government argue that "willful" means nothing more than "intentional" as distinguished from mere negligence or accident—a general criminal intent.

We are cognizant—indeed, both parties remind us—that the precise meaning of the term willful depends on the context in which it is used in a given instance. And we are not unmindful that, with regard to Article 109 of the Code, supra, the current Manual lends support to the contention of appellate Government counsel. Thus, paragraph 188*a*, Manual for Courts-Martial, United States, 1951, provides, with regard to waste or spoliation of real estate:

". . . This destruction is punishable whether done willfully, that is intentionally, or recklessly, that is through a disregard for the probably destructive results of some voluntary act."

In paragraph 188*b*, the Manual goes on to state, in treating with personal property:

". . . The article denounces destruction or damage to property through willful and wrongful misconduct, but a reckless disregard of property rights may be of such a high degree as to carry an implication of willfulness."

Indeed, the subparagraph last quoted above would, if controlling, be well-nigh dispositive of the certified ▪ question. Inasmuch, however, as it is merely an interpretation of a penal statute, the same is not binding on this Court. United States v Smith, 13 USCMA 105, 32 CMR 105. We have nevertheless—as we are certain we should, in all fairness—given deliberate and careful consideration to the evaluation set forth in the Manual. However, and having done so, we are satisfied that the Government's position cannot prevail, and that the decision of the board of review should be affirmed.

We digress briefly at this point to mention our lack of enchantment with the defense argument that, ▪ in view of its enactment of Article 111 of the Code, supra, it is manifest Congress intended

**643**

situations such as that before us be covered as reckless driving, and not under Article 109. As will be shown shortly, that indeed is the result in this particular case. But the argument gains no force from that result. The question before us, as stated earlier, requires determination of the scope of the term "willfully" in the statute proscribing damage to nonmilitary property. Surely Article 111 sheds no light on that question. It must at once be noted that the latter provision of the Uniform Code deals solely with the operation of vehicles; damage, which may, or not, result in any particular instance, is not involved. Further, it must be borne in mind that Article 109—which does cover damage—embraces such as is occasioned by myriad causes, of which collision of an auto is but one. Manifestly, the terms of Article 109, Uniform Code of Military Justice, supra, should not be construed more broadly or narrowly because of any impact a separate count of reckless driving might have. We proceed, therefore, to grapple with the fundamental issue confronting us.

While it is true that the meaning of willfulness differs in various statutes, Article 108, Uniform Code of Military Justice, 10 USC § 908, merits our scrutiny in this connection and is, we think, quite illuminating. Specifically of interest is subsection (2) thereof. It proscribes, inter alia, damage and destruction of military property of the United States committed "willfully or through neglect." At once the marked similarity of the two statutory proscriptions is apparent. Article 108(2) deals with damage to military property, while the second portion of Article 109 covers damage to nonmilitary property.

One difference is noted immediately, for negligent damage may constitute an offense under Article 108, and such is in fact a lesser delict included within the more serious willful action thereby denounced. United States v Groves, 2 USCMA 541, 10 CMR 39; United States

v Wright, 3 USCMA 431, 12 CMR 187; Table of Commonly Included Offenses, Manual for Courts-Martial, United States, 1951, appendix 12 at page 538. Negligence is nowhere mentioned in Article 109.[2]

But the two statutes do both deal with property; and both proscribe willful damage or destruction. ■■■■■■ ■ Certainly, under those circumstances, it would be placing a strained interpretation on the two sections to hold that the Congress intended different meanings when it used "willfully" in each. To the contrary, it would appear that, having treated with an extremely similar subject and in consecutive Articles, the legislature in its wisdom meant precisely the same thing when it outlawed willful damage in each instance. Surely, had a different result been contemplated, action of different and less culpable nature would have been specifically denounced as, for example and as we have earlier noted, reckless and negligent acts were in other portions of the two Articles.

Accordingly, we look to authorities wherein "willfully" in Article 108 has been construed. There can be no question on that score, for the matter has been long settled. Thus, this Court held, per curiam, that specific intent was an element of willfully damaging military property as early as United States v Groves, supra. See also United States v Wright, supra. Hence, and in line with our previous discussion, it follows that the term has the same import in Article 109, Uniform Code of Military Justice, supra. That is precisely the effect of the holding by the board of review in United States v Fuller, supra. See also, United States v Ferguson, supra; and United States v Wolfgang, 23 CMR 848. And, for an interesting discussion where the charge was willful damage laid under Article 108, see United States v Hendley, 17 CMR 761, particularly at 765–66.[3]

---

[2] It is clear, just as we have previously noted regarding recklessness, that negligence cannot serve as the basis for prosecution as to damage to nonmilitary personal property.

[3] The facts of the two cases are strikingly similar. The accused there, like the present accused, had been drinking. He took a military police sedan without authority, and was chased at high

We, therefore, hold that accused's plea of guilty to Charge I was improvidently entered. The certified question is answered in the affirmative and the decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.

speed. In trying to evade his pursuers, he weaved in and out of traffic; narrowly missed one oncoming vehicle; subsequently sideswiped another; and finally went out of control, left the road, and smashed into several trees. The board approved only a finding of damage by negligence, a lesser offense not available under Article 109 in the case at bar.