UNITED STATES, Appellee,

v.

Private (E–1) Derrick A. BRYANT, SSN 380–64–9773, United States Army, Appellant.

SPCM 14629.

U. S. Army Court of Military Review.

31 July 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain Kevin E. O'Brien, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Robert B. Williams, JAGC, and Captain Lawrence W. Fitting, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant pleaded guilty to damaging military property of the United States, recklessly destroying private property, larceny, and unlawful entry, in violation of Articles 108, 109, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 909, 921, and 934 (1976), respectively. The convening authority approved his sentence to a bad–conduct discharge, confinement at hard labor for three months, and forfeiture of $100.00 per month for three months.[1]

The appellant has assigned three errors: (a) that his plea of guilty to larceny was improvident because he admitted guilt to being only an accessory after the fact or receiving stolen property, but not larceny; (b) that his plea of guilty to reckless destruction of private property was improvident because reckless destruction of private personal property, as distinguished from willful destruction, is not an offense under Article 109, Uniform Code of Military Justice, 10 U.S.C. § 909 (1976); and (c) that a record of vacation of a suspended nonjudicial punishment was erroneously received in evidence because it failed to meet the minimum due process requirements of *United States v. Booker*, 5 M.J. 238 (C.M.A. 1977).

I

During the inquiry into the providency of his plea of guilty to larceny of a raincoat from a Private Westenhaver, the appellant stated that he and a Private Brookins broke into Westenhaver's room, and that as they were coming out of the room Brookins handed the raincoat to the appellant and asked him to hold it. The larceny was not planned prior to the break–in. The break–in into Westenhaver's room and one other room apparently was intended only "to raise a little hell" in the barracks. However, the appellant knew the raincoat had been stolen from one of the occupants of the room when Brookins handed it to him.

The appellant contends that the above facts are inconsistent with a plea of guilty to larceny, because his participation in the theft of the raincoat was only that of an accessory after the fact or a receiver of stolen property. In order to determine whether the plea is improvident, we must determine whether the larceny was still ongoing at the time that the appellant took over the asportation of the stolen raincoat from Brookins, the initial perpetrator.

■ Even though the perpetrator of a larceny has consummated the larceny as soon as any "taking" has occurred, others may become aiders and abettors by participating in only the asportation of the stolen property. "It is well settled that the larceny continues until such time as its fruits are secured in a place where they may be appropriated to the use of the perpetrator of the scheme." *United States v. Seivers*, 8 M.J. 63, 65 (C.M.A. 1979).

■ The "taking" proscription of Article 121 is violated as long as the original asportation of the stolen property continues. The original asportation continues so long as the perpetrator of the larceny indicates by his actions that he is dissatisfied with the location of the stolen goods immediately after the larceny and causes the flow of their movement to continue relatively uninterrupted. *United States v. Escobar*, 7 M.J. 197, 199 n.4 (C.M.A. 1979). Because the crime of larceny continues through the asportation phase, anyone who

---

1. The case is before this Court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

knowingly assists in the actual and proximate act of carrying away the stolen property is a principal in the larceny.[2] It makes no difference whether the continuation of the asportation by one other than the actual taker was prearranged or the result of decisions made on the spur of the moment. *United States v. Barlow*, 152 U.S.App.D.C. 336, 470 F.2d 1245 (D.C. Cir. 1972); *but see United States v. Greener*, 1 M.J. 1111 (N.C. M.R. 1977).[3]

■ In the instant case the appellant received the raincoat in the hallway immediately outside the victim's room, knowing that it was stolen. Obviously, Brookins did not intend to leave the raincoat in the hallway. We are satisfied that the larceny of the raincoat was still in progress at that moment, and that the appellant's explanation of his participation in the larceny is consistent with his plea of guilty. Having found that the appellant had raised no "matters inconsistent with the plea," the military judge was correct in accepting it. Manual for Courts–Martial, United States, 1969 (Revised edition), paragraph 70.

## II

■ Although the appellant stated during the providency inquiry that he intentionally stepped on Private Westenhaver's glasses, he was charged with "recklessly" destroying them. Article 109, Uniform Code of Military Justice, proscribes two categories of misconduct: willful or reckless waste or spoilation of real property, and willful destruction or damage of personal property. Reckless destruction of personal property is not an offense proscribed by the article. *United States v. Bernacki*, 13 U.S. C.M.A. 641, 33 C.M.R. 173 (1963); Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 188*b*. Since the specification does not state an offense, the appellant's plea of guilty thereto was improvident.

## III

■ The appellant's contention that the evidence of vacation of suspended nonjudicial punishment violated the due process requirements of *United States v. Booker*, 5 M.J. 238 (C.M.A. 1977) is without merit for the reasons stated in *United States v. Clark*, 7 M.J. 917 (A.C.M.R. 1979).

## IV

Reassessing the sentence on the basis of the error noted, we are satisfied that the appellant is not burdened with a more severe sentence than otherwise would have resulted, in view of the relatively minor offense affected by the improvident plea, the seriousness of the other offenses, the appellant's overall service record, and the relatively lenient sentence adjudged, which is less than that provided for in the pretrial agreement.

The findings of guilty of Charge II and its specification are set aside and Charge II and its specification are dismissed. The

---

**2.** In both *United States v. Lell*, 16 U.S.C.M.A. 161, 36 C.M.R. 317 (1966) and *United States v. Wooten*, 1 U.S.C.M.A. 358, 3 C.M.R. 92 (1952), relied upon by the appellant, the issue was whether the accused, who did not participate in the actual taking, but who knowingly received the stolen goods, was guilty of larceny as an aider and abettor. In both cases, the Court of Military Appeals held that one who participates in the planning of a larceny and thereafter assists in the asportation of the stolen property may be an aider and abettor even though he does not actually participate in the initial taking. However, the converse is not necessarily true. It is not necessary that one must participate in the plan or agreement prior to the taking in order to be guilty as a principal in the larceny.

**3.** *United States v. Greener* is factually distinguishable from the instant case. In *Greener*, the original perpetrator had stolen 14 parachutes and hidden them in the woods. He then recruited the accused to obtain a truck and assist him in transporting them to "a place where he could get rid of them." To the extent that *Greener* holds that there must be a plan or agreement before the taking in order for one who assists in the asportation to be guilty as a principal, we believe that it is incorrectly decided, for the reasons in the preceding footnote.

remaining findings of guilty are affirmed. The sentence is affirmed.

Senior Judge FULTON and Judge CLAUSE concur.