UNITED STATES, Appellee,

v.

Specialist Four Daniel VALADEZ SSN 560–43–3519, United States Army, Appellant.

CM 439382.

U. S. Army Court of Military Review.

12 Sept. 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Charles A. Byler, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Robert B. Williams, JAGC, and Captain John P. Galligan, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

OPINION OF THE COURT

FULTON, Senior Judge:

The appellant pleaded guilty to charges of unlawfully entering the motor pool of the Siemens Corporation in Erlangen, Germany, stealing an Avis–owned automobile therein, operating it while drunk, and willfully and wrongfully damaging certain property including the stolen automobile. The military judge sentenced him to reduction to the grade of Private E–1, confinement at hard labor for 21 months, forfeiture of all pay and allowances, and a bad-conduct discharge. Pursuant to a plea bargain, the convening authority reduced the confinement term to 14 months and approved the remainder of the sentence. The record is before this Court for review pursuant to Article 66(b), Uniform Code of Military Justice, 10 U.S.C. § 866(b) (1976).

Three issues pertaining to the providency of the guilty pleas confront us. The first, raised by the appellant, is whether his plea bargain with the convening authority included a condition that was contrary to law or public policy. The remaining two, raised by the Court by way of specified issues, are whether appellant's plea of guilty to willfully damaging property was improvident either because the specification was defective or the requisite intent was not shown through the providency inquiry.

I

[redacted] The challenged provision of the plea bargain is one which would have freed the convening authority, at his option, from carrying out the sentence limitation if the appellant had violated the Uniform Code of Military Justice after the trial and before the convening authority's action on the record. Whether such conditions are void is a question now facing the Court of Military Appeals. *United States v. Dawson*, 9 M.J. 28 (1980) (order granting petition for review) (specified issue). This Court uniformly has upheld similar provisions. *See, e. g., United States v. Thomas*, 6 M.J. 573, 575 (A.C.M.R.1978), *aff'd on other grounds*, 8 M.J. 216 (C.M.A.1980) (Mem.); *United States v. Smith*, 5 M.J. 857, 859 (A.C.M.R.), *pet. denied*, 6 M.J. 132 (C.M.A.1978). We adhere to those decisions. Hence, we need not decide how the condition, particularly as it remained uninvoked, might have affected the providency of appellant's plea.

II

[redacted] The remaining questions before us stem from the fact that the element of willful damage to nongovernmental personal property in violation of Article 109, Uniform Code of Military Justice, 10 U.S.C. § 909 (1976), requires a specific intent; a mere reckless disregard of the consequences will not suffice. *United States v. Bernacki*, 13 U.S.C.M.A. 641, 33 C.M.R. 173 (1963).

The Specification of Charge II alleged that the appellant

> [D]id . . . willfully and wrongfully damage, by operating a motor vehicle in a reckless manner[,] one passenger car, the property of Avis Car Rental Agency, the amount of said damage being in the sum of about $3145.00; two passenger cars, the property of Siemens Corporation, the amount of said damage being in the sum of about $386.00; . . . one fence, the property of Siemens Corporation, the amount of said damage being in the sum of about $112.00; one gate, the property of Siemens Corporation, the amount of said damage being in the sum of about $65.00; and one road marker, the property of Nuernberg Road Construction Office, the amount of said damage being in the sum of about $54.00. . . .

The facts disclosed during the providency inquiry indicate that on Sunday, 29 April 1979, the appellant, after drinking intoxicants, decided to steal an automobile from the nearby motor pool of the Siemens Corporation. He scaled a wall and located an unlocked automobile in which the ignition key was present. (It was the Avis car awaiting pickup by the rental agency.) In maneuvering the car about, appellant collided with and damaged two parked cars belonging to Siemens. Thereafter, finding the street exit blocked, appellant drove through a closed pedestrian gate, damaging it, and into the company parking lot (apparently for employees), from which he exited by crashing through a fence. Later, on a public road, he failed to negotiate a curve and damaged a road sign. The vehicle became mired in mud and appellant was captured by German police as he was leaving the scene.

### A.

A question as to the sufficiency of the specification arises because of its recital that the property in question was willfully and wrongfully damaged through the "reckless" operation of the vehicle. As indicated previously, mere recklessness does not entail the specific intent necessary to constitute the codal offense of willfully damaging nongovernmental personal property. *United States v. Bernacki, supra; United States v. Jones,* 50 C.M.R. 724 (A.C. M.R. 1975). An Army Board of Review has held a specification similar to the one here involved to be fatally deficient. *United States v. Fuller,* 27 C.M.R. 540, 542–44 (A.B.R. 1958).

While the *Fuller* case appears otherwise to have been correctly decided, we decline to follow it to the extent of holding the present specification insufficient.[1]

The appellant's plea of guilty does not relieve us of the obligation to determine the sufficiency of a specification. *United States v. Moore,* 9 U.S.C.M.A. 722, 26 C.M.R. 502 (1958); *see United States v. Bryant,* 9 M.J. 918 (A.C.M.R.1980). However, it enables us to apply a different test than had the sufficiency of the specification been attacked at trial. *United States v. Mamaluy,* 10 U.S.C.M.A. 102, 103–04, 27 C.M.R. 176, 177–78 (1959).

By alleging that the damage was caused "willfully and wrongfully," the specification avoided the potentially fatal omission of an essential ingredient of the offense. At most, the subsequent description of appellant's use of the motor vehicle as "reckless" created a possible ambiguity. *Cf. United States v. Jones, supra.* The possibility did not materialize, however, for the military judge recognized the elemental requirement that the damage be inflicted intentionally and so advised appellant in the providency inquiry. Therefore, the defense was not misled. *Cf. United States v. Weaver,* 48 C.M.R. 856 (A.C.M.R.1974).[2] Nor can there be any question but that appellant is protected against another trial for the same deeds. We hold that the Specification of Charge II, although inartfully drawn, is sufficient to withstand original appellate attack.

### B.

The scenario recounted previously, however, suggests the possibility that not all of the damage accomplished by the appellant with the Avis car was done with the intent necessary to constitute an offense under Article 109, *supra.* As to the Siemens Corporation's gate and fence there can be no doubt. The appellant admitted to the military judge that he deliberately drove through them in an effort to break out of the motor pool and parking lot ar-

1. The error assigned in *Fuller* was whether the evidence was sufficient to prove that the damage was willfully caused. After deciding that "recklessly" was used improperly to modify the term "willfully," the Board of Review couched its opinion in terms of the sufficiency of the specification. *Bernacki* affirms *Fuller's* interpretation of Article 109, but not necessarily its narrow and undocumented view as to the sufficiency of specifications on appeal.

2. Not all of the damage appears to have been done intentionally, as a later portion of this opinion will reveal.

eas.[3]  Under those circumstances the reciprocal damage to the vehicle he was driving also was within the purview of Article 109. *United States v. Yoakum*, 8 M.J. 763, 766–67 (A.C.M.R.), *review granted on other grounds*, 9 M.J. 137 (C.M.A.1980).

Damage to the parked vehicles and the road sign are a different matter.  The Government concedes, and we agree, that the providency inquiry failed to address the question of appellant's intent to damage those objects.  For all that appears, the damage was unintended, unconnected with the intentional effort to break down the gate and fence, and not willfully caused within the meaning of Article 109.  *Cf. United States v. Jones, supra.*  Accordingly, his plea of guilty was, as to those objects, improvident.[4]

As to the Specification of Charge II, only so much of the findings of guilty as find that the appellant did, at the time and place alleged, willfully and wrongfully damage, by operating a motor vehicle in a reckless manner, one passenger car, the property of Avis Car Rental Agency, the amount of said damage being in the sum of about $3145.00; one fence, the property of Siemens Corporation, the amount of said damage being in the sum of about $112.00; and one gate, the property of Siemens Corporation, the amount of said damage being in the sum of about $65.00, the total amount of said damage being in the sum of about $3322.00, in violation of Article 109, Uniform Code of Military Justice, are affirmed.  The remaining findings of guilty are affirmed.  Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms the sentence.

Judge CLAUSE and Judge FOREMAN concur.

---

3.  There is also the possibility that the gate and fence were a part of the realty, in which case the damage need not have been intentional to constitute an offense under Article 109.  Manual for Courts–Martial, United States, 1969 (Revised edition), par. 188a.  Nevertheless, in view of our disposition of the case, we need not decide whether we can affirm findings of reckless damage to real property.

4.  Since, in any event, the total damage amounted to more than $100.00, we will make no attempt to apportion the damage to the stolen car according to whether it was caused by striking the parked vehicles and road sign, or by deliberately crashing through the gate and fence.  The most severe punishment for violations of Article 109 is authorized when the damage exceeds $100.00.  Manual for Courts–Martial, *supra*, par. 127c, Table of Maximum Punishments at p. 25–13.