UNITED STATES

v.

**Airman Basic Patrick B. WHELEHAN, II, FR 052–44–2991 United States Air Force.**

**ACM S24975.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 23 Jan. 1980.

Decided 17 Oct. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Kenneth A. Pels, USAFR.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

MILES, Judge:

Due to the accused's misunderstanding as to the possible relevance of intoxication as a defense, we hold the military judge erred in accepting accused's plea of guilty to the offense of willful damage to military property without further inquiry. We affirm findings of guilty to the lesser included offense of damaging military property, through neglect, and reassess the sentence.

Consistent with his pleas, the accused was convicted of violation of a general regulation, willful damage to military property and drunk and disorderly in station, violations of Articles 92, 108 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 908, 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for one month and twenty–two days and forfeiture of $299.00 per month for six months.

Appellate defense counsel assert that accused's plea to willful destruction of government property was improvident because the accused said he was drunk and could not remember committing the offense. We agree the plea was improvident, but not precisely for that reason.

During the *Care*\* inquiry, the military judge correctly advised the accused as to the elements of the offense and asked the accused if these correctly described what he did. The accused replied they did. In response to the military judge's question as to what happened, the following dialogue occurred:

ACC: I don't actually remember kicking in the door as I was drunk at the time. But two of my friends were with me that night and one of them saw me do it and he wrote a statement saying that

I had done it. And they both told me the next day that I had kicked the door in. So I plead that I had done it.

MJ: Is that charge the same thing that happened in Charge III? Are those related charges? Is that all one transaction? I mean did it all occur at the same time?

ACC: Yes, sir.

MJ: Then tell me about both charges then. What happened on Charge III?

ACC: I was drunk and was walking down the hallway, you know, talking very loud and that. And I guess I was waking up a couple of people and—

MJ: Was this in the barracks then?

ACC: Yes, sir.

MJ: What time was it?

ACC: I'm not exactly sure but I believe it was about 2:30 in the morning.

MJ: Had you gone somewhere before that to have some drinks or something?

ACC: No, I had been drinking in the dorm all night.

MJ: In your room?

ACC: In my room and in Airman Weber's room.

MJ: How much had you had to drink?

ACC: I'd say I drank about three quarters of a bottle of Bacardi 151.

MJ: And you recall drinking?

ACC: Yes, sir.

MJ: And you recall–this door, where was this door located at? Is that to your room?

ACC: No, sir, it's across the hall and about five yards away.

MJ: Somebody else's room?

ACC: Yes, sir.

MJ: So you say you don't remember, because of intoxication, kicking that door then?

ACC: Yes, sir.

MJ: Someone told you you had done that?

ACC: Yes, two people I had been drinking with that night.

MJ: What are their names?

---

\* *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

ACC: Airman Silva and Airman Weber, Herbert Silva and Dean Weber.

MJ: Was there anything else you did that night that you are not telling me or that you don't remember or that you do remember?

ACC: No, sir. As far as I know I didn't do anything else.

MJ: So the next morning you saw the broken door?

ACC: Well—

MJ: What was broken on it, by the way?

ACC: I believe the frame had broken on the door and they just—the door itself didn't break but the frame where the lock was, where the lock catches into it, was splintered.

MJ: The piece of wood holding it on the frame was broken?

ACC: Yes, sir.

MJ: And you don't recall anything else that evening?

ACC: No, sir.

MJ: Captain Hufstader, are you aware of any facts which would give rise to a defense in this case?

DC: No, Your Honor, I am not.

MJ: Captain Donahue, is the Government aware of any facts which might give the accused a defense in this case?

TC: No, sir, Your Honor.

MJ: Have you talked to your counsel about this intoxication and this damage to the door?

ACC: Yes, I have.

MJ: Captain Hufstader, the intoxication is not in any way a defense in your opinion?

DC: No, Your Honor, *there is no specific intent involved.* (emphasis added)

A stipulation of fact, admitted without objection but without any advice to the accused, stated:

It is further stipulated that on 1 December 1979 in Dormitory 753, RAF Bentwaters, Suffolk, England, the accused willfully kicked in the door to another airman's room, that this door was the military property of the United States of a

value of about $90.00, that the damage to the door was of a value of about $10.00, and that the accused was without authority to so damage the door.

It is further stipulated that on 1 December 1979 in Dormitory 753, RAF Bentwaters, Suffolk, England, the accused was under the influence of alcohol to the extent that his mental and physical faculties were substantially impaired, that he was talking loudly during the early morning hours, damaging government property, waking personnel sleeping in the dormitory and generally acting in a boisterous and rowdy manner, and that this conduct was of a character prejudicial to the good order and discipline of the United States Air Force.

 An accused's inability to recall the factual basis for the charge does not cause an improvident plea when the accused is in fact convinced of his guilt based on the evidence against him and he has been otherwise properly advised. *United States v. Luebs,* 20 U.S.C.M.A. 457, 43 C.M.R. 315 (1971); *United States v. Butler,* 20 U.S.C.M.A. 247, 43 C.M.R. 87 (1971); *United States v. Olson,* 7 M.J. 898 (A.F.C.M.R. 1979), pet. denied, 8 M.J. 128 (C.M.A.1979). However, the record of trial must establish a factual basis for a determination by the military judge that the acts of the accused constitute the offense or offenses to which he is pleading guilty. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). When the accused does not recall the offense clearly, this may be done by close reliance on the stipulation of facts. *See United States v. Luebs* and *United States v. Olson,* both *supra.*

 Specific intent is an element of the offense of willfully damaging or destroying military property within the meaning of Article 108, Code, *supra. United States v. Bernacki,* 13 U.S.C.M.A. 641, 33 C.M.R. 173 (1963); *United States v. Groves,* 2 U.S.C.M.A. 541, 10 C.M.R. 39 (1953). Voluntary intoxication may interfere with the capacity to entertain the specific intent required for guilt of that offense. *United States v. Groves, supra.* Ordinarily, an ac-

cused's disavowal of any intent to rely upon such a defense is sufficient, coupled with a proper *Care* inquiry, to establish a plea as provident. *United States v. Logan,* 22 U.S. C.M.A. 349, 47 C.M.R. 1 (1973); *United States v. Luebs, supra.* However, under the particular facts of this case, we hold accused's plea to the offense of willfully damaging military property to be improvident.

Accused's intoxication and inability to recall the events of the offense, the lack of advice as to the stipulation of facts and the mistaken belief that intoxication was irrelevant to the elements of the offense all contribute to this improvidency. Substantial evidence in the record indicated that accused's capacity to form the requisite specific intent was impaired by intoxication. He admitted drinking three–fourths of a bottle of rum that day, and other evidence established he was an alcoholic. This, coupled with the loss of memory, required the military judge to more closely inquire into the relevancy of intoxication particularly when the defense counsel, mistakenly, asserted specific intent was not an element of the offense. We hold the military judge erred when he failed to make such further inquiries.

 The offense of damaging military property through neglect does not involve any element of specific intent and is a lesser included offense to that charged. *United States v. Wright,* 3 U.S.C.M.A. 431, 12 C.M.R. 187 (1953); *United States v. Groves, supra.* There is no issue of improvidency as to that offense and we can affirm findings of guilt to that lesser included offense. *See United States v. Fernengel,* 11 U.S.C.M.A. 535, 29 C.M.R. 351 (1960); *United States v. Diamond,* 5 M.J. 650 (A.F.C.M.R.1978), pet. denied, 5 M.J. 402 (C.M.A.1978). Accordingly, Charge II is modified by deleting "willfully" and substituting the words "through neglect." Reassessing the sentence on the basis of the reduced charge and the remaining findings of guilty, we find appropriate only so much thereof as provides for a bad conduct discharge, confinement at hard labor for one month and twenty–two days and forfeiture of $299.00 per month for three months. As modified, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MAHO-NEY, Judge, concur.

## UNITED STATES

v.

**Airman First Class Stanley K. LONDON, FR 554–19–1071 United States Air Force.**

**ACM 22663 (recon).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 Nov. 1979.

Decided 31 Oct. 1980.

