**UNITED STATES**

v.

**Staff Sergeant Jose M. RIOS, FR 513–72–3338 United States Air Force.**

**ACM 25496.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 June 1986.

Decided 11 March 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and First Lieutenant Durward E. Timmons, USAFR.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

SESSOMS, Senior Judge:

The appellant was charged with involuntary manslaughter as a result of a vehicle accident in which his companion was killed. He pleaded guilty to the lesser included offense of negligent homicide. However, the court found him guilty as charged and imposed a sentence which included a bad conduct discharge, confinement for 18 months, total forfeitures, and reduction to pay grade E–1. He contends on appeal that he was denied the effective assistance of counsel and that his plea was improvident. The basis for the latter assignment of error is his inability to recall whether he was the driver of the vehicle at the time of the accident. We find his assertions to be without merit and we affirm.

During the evening of 24 March 1986 the appellant and one Robert J. Maki, Jr. embarked on a drinking spree which began with the consumption of a bottle of gin in the apartment of the appellant. At one point in the evening Sergeant Rios accompanied Mr. Maki in the latter's automobile to a store to purchase ice and limes. It became obvious to appellant during this trip that Mr. Maki's ability to operate a motor vehicle was significantly impaired by his previous indulgence. He told Mr. Maki at that time that he would do the driving thereafter.

After returning to appellant's apartment and drinking the remainder of the gin, the two, at Mr. Maki's suggestion, went to an establishment known as the Ovalo Inn in the J Street section of Panama City. While there they each consumed "one or two beers." They departed the J Street area at about 0130 hours in the appellant's automobile. On the return trip the automobile failed to negotiate a left turn in the road. It traveled off the roadway to the right side, went over the curb, crossed the sidewalk, and struck a concrete wall. Mr. Maki was thrown partially through the window in the passenger-side door and was killed when his head was crushed between the automobile and the wall. As a result of cuts and bruises he received, the appellant was hospitalized for two weeks.

From his reconstruction of the accident, an expert employed by the government testified at trial that the appellant was the driver of the car at the time of the accident, the car was travelling more than 56 miles per hour in a 36 miles per hour zone, Mr. Maki was killed on impact, and the appellant had an alcohol concentration in his blood of approximately .2582 per cent. This blood alcohol content determination was extrapolated from two blood tests

made at 0420 hours and at 0500 hours the same morning.

In his plea of guilty to negligent homicide the appellant admitted all of the elements of the offense of involuntary manslaughter except the degree of negligence. To be convicted of involuntary manslaughter one must be found to have acted in a culpably negligent manner. Sergeant Rios was not willing to admit that his conduct amounted to more than simple negligence.

■ During the guilty plea inquiry the military judge learned that the accused was having difficulty remembering many of the critical events just prior to the accident. He therefore refused to accept the guilty plea until he was satisfied that the accused was convinced of his guilt by the state of the evidence.

An accused's ability to recall the factual basis for the charge does not cause an improvident plea when the accused is in fact convinced of his guilt based on the evidence against him and he has been otherwise properly advised. [citations omitted] However, the record of trial must establish a factual basis for a determination by the military judge that the acts of the accused constitute the offense to which he is pleading guilty.

*United States v. Whelehan*, 10 M.J. 566, 568 (A.F.C.M.R.1980).

We conclude that the colloquy between the accused and the trial judge established that the accused had been properly advised by his counsel, that he was convinced of his guilt, and the record contained ample evidence upon which to base a determination that the acts of the accused constituted the offense of negligent homicide. Thus we find that the accused's plea to negligent homicide was provident.

■ The one issue remaining for the determination of the court members was the degree of negligence. As we said earlier in this opinion in order for the appellant to have been convicted of involuntary manslaughter in this instance the prosecution must have proved beyond a reasonable doubt that the appellant was guilty of culpable negligence, as compared to mere simple negligence as in the case of negligent homicide. The court members resolved this issue adversely to the accused. We have no quarrel with that finding.

■ We do not believe that the appellant's assertion that his trial defense counsel were ineffective is meritorious. The primary basis for this claim is the failure of his counsel to obtain the services of a certain Mr. Abrahamson as an expert witness. This court's most recent statement of the standard against which defense counsel's conduct would be measured is found in *United States v. Ridley*, 22 M.J. 697, 698 (A.F.C.M.R.1986), in which we said:

The principles governing adequacy of representation in courts-martial are stated in *United States v. Jefferson*, 13 M.J. 1, (C.M.A.1982) and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relief on the grounds of inadequate representation of counsel requires both a breach of professional competence and a "reasonable probability" of prejudice in the outcome of the trial. *United States v. Davis*, 20 M.J. 1015 (A.C.M.R.1985).

We are convinced that appellant received effective assistance of counsel. The assertion that he was not adequately represented is clearly refuted by the record of trial and the affidavit and memo for record prepared by trial defense counsel. The evidence that the appellant was the driver of the vehicle at the time of the accident was overwhelming. The court members found that the accused's conduct amounted to culpable negligence. We find no evidence that his counsel were not professionally competent or that there was any reasonable probability of prejudice in the outcome of the trial.

We have examined the record of trial, the assignments of error, including the matters submitted pursuant to *United States v. Grostefon*, 12 M.J. 431, (C.M.A.1982),* and the government's reply thereto, and have

---

* Appellant's motions to file documents are here-    by granted.

concluded that the findings and sentence are correct in law and fact, and that no error prejudicial to the rights of the appellant was committed. Accordingly, the findings and sentence are

AFFIRMED.