**UNITED STATES**

v.

**Angel L. GARCIA, Gunners Mate Third Class, U.S. Coast Guard.**

**CGCM 0024.**
**Docket No. 928.**

U.S. Coast Guard Court of Military Review.

1 Nov. 1989.

Trial Counsel: LCDR Walter J. Brudzinski, USCG.

Defense Counsel: LT David J. Martin, USCG.

Appellate Defense Counsel: LCDR James Collin, USCG.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Before Panel One, BAUM, BRIDGMAN and JOSEPHSON, Appellate Military Judges.

BAUM, Chief Judge:

Appellant, pursuant to his pleas of guilty, was convicted by General court-martial judge alone of one specification of willful damage to property other than military property, one specification of housebreaking and one specification of larceny in violation of Articles 109, 130 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 909, 930, 921. He was sentenced to confinement for one year, forfeiture of $300.00 per month for 12 months and reduction to E-1. The convening authority approved the sentence, but suspended the forfeitures for fifteen months on condition that the accused execute and maintain for 12 months a pay adjustment authorization for $300.00 in accordance with the terms of a pretrial agreement. Before this Court, appellant has assigned three errors:

*I*

That the plea of guilty to willful destruction of property was improvident because the accused's responses to the military judge indicated he did not intend to damage the property alleged.

*II*

That the pleas of guilty to housebreaking and larceny were improvident due to inconsistent statements relating to appellant's state of mind at the time of the offenses.

*III*

That appellant's sentence is disproportionately severe.

### Assignment of Error I

The facts underlying the first assignment of error are that appellant pled guilty to willfully and wrongfully damaging a non-appropriated-fund activity jewelry display case in the U.S. Coast Guard Reserve Training Center Exchange, Yorktown, Virginia, by breaking the glass on the case in violation of Article 109, Uniform Code of Military Justice. During the military judge's inquiry into the providence of the plea, appellant acknowledged prying the glass with a screwdriver so that he could steal the jewelry inside the case and that the glass broke as a result. He insisted, however, that he was "trying to pull the glass up, not break it." Record of Trial at page 22. Moreover, when the judge asked the accused if he would have broken the glass if necessary to get into the jewelry case, the accused answered, "No, sir. I wouldn't have broke it." Record of Trial at page 22.

Appellant contends these answers prevented acceptance of the guilty plea to willful damage of property. Despite Court of Military Review cases supporting appellant's position concerning the necessary intent for willful damage, the Government argues to the contrary, that even if this Court takes appellant's statements at face value, they are not inconsistent with guilt because this offense is a general intent crime not requiring the specific intent to break the glass. From this premise, counsel concludes that the accused's stated intent to pry the glass open is sufficient to satisfy the element of "willful" damage and that whether he specifically intended to break the glass or not is irrelevant. We disagree with the Government's premise and the conclusions drawn from that premise.

The discussion of Article 109 in the Manual for Courts–Martial, 1984, which is unchanged from the 1969 Manual, expressly states: "To constitute an offense under this section, the destruction or damage of the property must have been willful and wrongful. As used in this section, "willfully" means intentionally ..." The Army Court of Military Review in *U.S. v.*

*Jones,* 50 CMR 724 (ACMR 1975) considered this particular provision of the 1969 Manual for Courts–Martial when faced with the same question before us. In resolving this matter, that Court had the following to say:

This language in the Manual, supra, has been interpreted only a few times. The thread that runs through these cases gives rise to the general conclusion that regardless of the intentional nature of the precipitating cause, in the absence of evidence the destruction or damage was the intended result of the actor, there can be no willful and wrongful destruction of personal, non-military property. This conclusion is clearly the imperative of the Court of Military Appeals in *United States v. Bernacki,* 13 USCMA 641, 33 CMR 173 (1963). The same effect, see *United States v. Blackwell,* 39 CMR 394 (ABR 1968); *United States v. Weaver,* 48 CMR 856 (ACMR 1974). As was stated in *United States v. Fuller,* 27 CMR 540 (ABR 1958), the appellant may have been guilty of reckless driving but, under the facts, he was not guilty of willful and wrongful damage to personal, non-military property. To the extent that *United States v. Bragg,* 4 CMR 778 (AFBR 1952), and *United States v. Lipscomb,* 45 CMR 622 (ACMR 1972), imply that the offense of willful and wrongful destruction or damage to personal, non-military property may involve some higher degree of negligence short of intentional destruction or damage, those cases are not followed.

Id at 725.

The position expressed in *Jones* continues to be the Army Court's view, *U.S. v. Yoakum,* 8 MJ 763, 767, (ACMR 1980), *U.S. v. Valadez,* 10 MJ 529 (ACMR 1980). It has also been applied in the Navy and Marine Corps, *U.S. v. Priest,* 7 MJ 791 (NCMR 1979). We add now the concurring voice of the Coast Guard and hold that appellant's answers during the providence inquiry were inconsistent with the requisite specific intent to damage the jewelry case by breaking the glass.

The Government goes on to argue in the alternative that even if appellant's statements are inconsistent with willful damage, they are sufficient for a finding of guilt of either recklessly spoiling the same property under Article 109 or of commission of an offense under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Moreover, counsel says that at best the statements amount to a variance in the proof where no burden of proof exists. These arguments also are rejected. The offense of recklessly spoiling or wasting property applies exclusively to real property, not personal property. See Article 109, Uniform Code of Military Justice and the discussion relating to the Article in Part IV, Manual for Courts–Martial, 1984 and *U.S. v. Priest,* supra. Furthermore, while an offense under Article 134 might be crafted, such was not done at trial. We are not disposed to take such a step at this stage of the proceedings in an attempt to save the plea.

Finally, we find the Government's argument concerning variance of proof inapplicable to the situation before this Court when evaluating the providence of a guilty plea. The trial judge could have applied the variance of proof approach, advanced here by the Government, by entering findings of guilty conforming to the facts admitted during the plea inquiry, but he did not enter such modified findings.[1] We could return the record for a rehearing on this particular offense and the sentence but we see no useful purpose to be served by such action. In the interest of judicial economy, considering our action with respect to the other assignments, we will set aside the findings of guilt of Charge I and its specification and dismiss that particular offense.

### Assignment of Errors II and III

With respect to the second assigned error, we find that appellant's answers to the judge are consistent with guilt and fully supportive of the pleas to housebreaking and larceny. Accordingly, assignment of error two is rejected. As to assignment three, we have weighed the matters of record in appellant's behalf, including the clemency petition and its endorsements, and we deem the sentence appropriate for the two remaining offenses. Accordingly, appellant's third assignment of error is also rejected.

The findings of guilty of Charge I and its specification are set aside and dismissed. The remaining findings of guilty are affirmed. Upon reassessment, the sentence is deemed appropriate. Accordingly, the sentence as approved and partially suspended below is affirmed.

Judges BRIDGMAN and JOSEPHSON, concur.

---

1. We note the possibility that willfully prying off the top of the jewelry case, even if the glass did not break, and pulling off the door would constitute damage to the case, since some repairs would probably be necessary before the case could again be used for its intended purpose. Whether this premise is correct, and whether repairs would have cost more than $100.00, thereby triggering a maximum punishment equal to that for the specification alleged, is not established by the record.