**UNITED STATES, Appellee,**

**v.**

**Sergeant First Class Kermit P. MYRICK, 517–52–1206, United States Army, Appellant.**

**CM 447871.**

U.S. Army Court of Military Review.

30 June 1987.

---

For Appellant: Colonel Brooks B. La Grua, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Lieutenant Colonel Joel D. Miller, JAGC, Major Eric T. Franzen,

JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Vito A. Clementi, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before FELDER, SMITH, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT ON REMAND

FELDER, Senior Judge:

Appellant was tried at Fort Lewis, Washington, before a military judge serving as a general court-martial. Pursuant to his pleas, he was found guilty of indecent acts with his minor daughter in violation of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (1982). He was sentenced to a dishonorable discharge, confinement for 30 months, and reduction to the rank of Private E-1. Because of a pretrial agreement, the convening authority approved only a dishonorable discharge, confinement for two years, reduction to Private E–1, and suspended the entire sentence for a period of two years. On 24 December 1985, this court affirmed the findings of guilty and the sentence. On 17 January 1986, following an Article 72, UCMJ, 10 U.S.C. § 872, vacation of suspension hearing, the convening authority vacated the suspension of the sentence.

In his petition for a grant of review to the Court of Military Appeals, appellant raised for the first time the question of whether he was provided sufficient notice of the conditions of his suspension under the Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 1108(c) [hereinafter MCM, 1984 and R.C.M., respectively]. On 14 November 1986, 23 M.J. 247, the decision of this court was set aside and the record of trial was returned to The Judge Advocate General for resubmission to this court for consideration of that issue.

R.C.M. 1108(c) requires that the authority who suspends the execution of a court-martial sentence shall: (1) specify in writing the conditions of the suspension; (2) cause a copy of the conditions of suspension to be served on the probationer; and (3) cause a receipt to be secured from the probationer for service of the conditions of the suspension. Citing *Bolles v. Outing Co.*, 175 U.S. 262, 20 S.Ct. 94, 44 L.Ed. 156 (1899), appellant maintains that R.C.M. 1108(c) should be strictly construed and complied with because it involves due process and penal interests.

Three conditions of suspension were written into the pretrial agreement. They are:

> This suspension will be conditioned upon the following, any violation of which will be grounds for vacating the suspension: (1) no sexual assaults upon the accused's children, including his daughter Debra Myrick, or upon any other person; (2) no commission of any offense which would be a violation of the Uniform Code of Military Justice and which would be cognizable in a trial by general court-martial; and (3) participation in and successful continuation of a counseling program as prescribed and monitored by MAJ Myron S. Gerton, Family Life Center, Fort Lewis, Washington. The SJA Office will coordinate with MAJ Gerton to monitor the accused's progress in this counseling program. In the event that MAJ Gerton should depart Fort Lewis, a suitable replacement will be found. In the event that the accused is ordered to depart Fort Lewis, attempts will be made to continue his counseling program at his next duty station, and the accused will continue his counseling at the next duty station if a suitable replacement counselor is found.

At the Article 72, UCMJ, vacation of suspension proceedings, evidence was presented that appellant failed to participate in the counseling program. The hearing officer made the following undisputed findings and recommended that the suspension be vacated in its entirety:

Evidence indicates that in November 1985 SFC Myrick and Ms. Terry Johnston, who turned 16 on 10 November 1985, spent considerable periods of time, to include overnight stays, at a Best Western Motel sharing a room. Other evidence indicates Ms. Johnson disrobed on one occasion and probably had sexual intercourse with SFC Myrick. This activity was a clear breach of the counselling contract established between MAJ Gerton and SFC Myrick, which included as its basis, fidelity between SFC Myrick and his wife, in addition to continued participation in alcohol rehabilitation and marriage counselling. Although the specific conditions of the contract for successful continuance of his rehabilitation program were not formally served upon SFC Myrick IAW RCM 1108(c), a clear understanding of those conditions existed between SFC Myrick and MAJ Gerton. It is my conviction that SFC Myrick knew that his behavior with Ms. Terry Johnston was totally inappropriate.

■ Appellant does not challenge the above findings but asserts that the vacation proceedings are flawed because the specific terms of suspension were not reduced to writing and served on him as probationer in accordance with R.C.M. 1108(c). We believe that R.C.M. 1108 in its entirety contemplates that, after the convening authority approves and suspends the execution of all or any part of a sentence, the accused is automatically placed in the status of a probationer, *United States v. May*, 27 C.M.R. 432, 435, 438 (C.M.A.1959), and as such is entitled to a written copy of the terms of probation. The purpose for serving the conditions of suspension on the probationer is to facilitate vacation proceedings under R.C.M. 1109. *See* MCM, 1984, Analysis of R.C.M. 1108, App. 21, A21–75.

■ Where the unexecuted part or amount of a sentence is suspended by the convening authority as a matter of clemency and the conditions of suspension are developed after trial, it is vital that there be substantial compliance with R.C.M. 1108(c).[1] The reason is, of course, the probationer must be made aware of the demands required of him in order to remain within the ambit of the suspension and, in the event of vacation proceedings, he will be on notice of the violation.

■ Where, as here, the conditions of suspension were established before trial and there was a failure to comply with R.C.M. 1108, we must determine whether prior to vacation the probationer had sufficient knowledge of the conditions so as to avoid violating them. As was mentioned earlier, in this case the conditions of suspension were included in the pretrial agreement that was signed by appellant. During the providence inquiry, the following colloquy occurred between the military judge and appellant:

MJ: The third condition is that you enter and successfully complete this period of rehabilitation or counselling or training, whatever it is with this Doctor somebody.

DC: He's a chaplain, Your Honor, Major Gerton.

MJ: Okay. With a—with a—with a chaplain. There again, if you don't initiate it or you don't successfully complete it then the suspended portion of your sentence could be done away with and the whole sentence could come right back on top of you. Do you understand that now?

ACC: Yes, Your Honor.

MJ: Do you have any questions about that?

1. Appellant urges this court to require that the convening authority strictly comply with the provisions of R.C.M. 1108(c). We reject that position because we perceive of rare instances where the written conditions of suspension may be served on the probationer, who either refuses to accept service or neglects to provide a receipt. Since the convening authority's compliance with the rule would depend upon the actions of the probationer, it would be irresponsible for this court to impose a strict compliance standard on the convening authority. Therefore, while we decide this case on a narrower ground, we believe that substantial compliance with the spirit of R.C.M. 1108(c) will best serve the interests of justice.

ACC: No, Your Honor.

After accepting appellant's pleas, finding him guilty, and adjudging a sentence, the military judge again discussed the pretrial agreement with appellant:

MJ: [T]hree, participation in and successful continuation of a counselling program as prescribed and monitored by Major Myron S. Gerton, Family Life Center, Fort Lewis, Washington. The SJA office will coordinate with Major Gerton to monitor the accused's progress in this counselling program. In the event that Major Gerton should depart Fort Lewis, a suitable replacement will be found. In the event that the accused is ordered to depart Fort Lewis, attempts will be made to continue his counselling program at his next duty station if a suitable replacement consellor is found. Unless the suspended sentence is vacated, the accused will continue to serve in his current pay grade. Now, Sergeant Myrick, have I correctly stated the sentence agreement that you had with the convening authority?

ACC: Yes, Your Honor.

MJ: Okay. Do you have any question about it?

ACC: No, Your Honor.

MJ: Do you fully understand it?

ACC: Yes, Your Honor.

On 9 October 1985, more than three months before the vacation proceedings, appellant acknowledged receipt of a copy of the record of trial, which contains the pretrial agreement with the terms of probation.

Under the foregoing circumstances, we conclude that appellant was sufficiently aware of the conditions of suspension to know what was expected of him and that the failure of the government to comply with the terms of R.C.M. 1108(c) was not fatal to the vacation of the suspension. The due process requirement of fair notice was unquestionably satisfied prior to the loss of liberty. *See United States v. Rozycki,* 3 M.J. 127 (C.M.A.1977); *United States v. Bingham,* 3 M.J. 119 (C.M.A. 1977); *United States v. Lallande,* 46

C.M.R. 170, 173 (C.M.A.1973). *See also Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

■ Appellant also complains that the third condition of probation was summarized in the pretrial agreement rather than specific as contemplated by R.C.M. 1108(c). In our opinion, to require appellant to participate in and successfully continue a prescribed counseling program is a condition of suspension that is as specific as the well-recognized one that the probationer not violate any punitive article of the code. *See* R.C.M. 1108(c). The conduct of appellant during the probationary period breached both conditions. We find no merit to his complaint.

Accordingly, the findings of guilty and the sentence are affirmed.

Judge SMITH and Judge ROBBLEE concur.