258

UNITED STATES, Appellee,

v.

Annetha L. COWAN, Private First
Class U.S. Army, Appellant.

No. 67,173.
CM 9002323.

U.S. Court of Military Appeals.

Argued March 3, 1992.

Decided June 5, 1992.

For Appellant: *Captain Robin N. Swope* (argued); *Lieutenant Colonel James H. Weise* (on brief); *Colonel Robert B. Kirby.*

For Appellee: *Captain Robert J. Walters* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major Joseph C. Swetnam* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant was tried by general court-martial (military judge alone) convened at Fort Hood, Texas, on August 10 and 17, 1990, for larceny, forgery, and false swearing, in violation of Articles 121, 123, and 134, Uniform Code of Military Justice, 10 USC §§ 921, 923, and 934, respectively. Pursuant to a pretrial agreement, she pled guilty to all Charges and specifications, and the military judge accepted her pleas as provident. She was convicted and sentenced to a bad-conduct discharge, confinement for 15 months, total forfeitures, and reduction to E–1.

The convening authority approved the sentence and ordered executed all but that "part of the sentence extending to a bad-conduct discharge." In accordance with the pretrial agreement, he suspended for 1 year execution of confinement in excess of 6 months; he also suspended forfeitures in excess of $724.20,[1] directing that after 1 year—unless sooner vacated—the suspended portions of the sentence would be remitted without further action. The suspension of forfeitures was contingent upon appel-

1. A forfeiture extends to whole dollars only. RCM 1003(b)(2), Manual for Courts–Martial, United States, 1984 (Change 2).

lant's initiation (within 14 days) and maintenance of an allotment payable to her sister for the care of her minor daughter. The allotment was to remain in effect as long as appellant was "entitled to receive pay and allowances."

The Court of Military Review affirmed the findings and sentence as modified by the convening authority. 32 MJ 1041 (1991). In a footnote the court noted that the action had the effect of only ordering forfeiture for 1 month with the rest suspended. *Id.* at 1042 n. 3.

■ We specified the following issue of first impression for review by this Court: WHETHER THE ACTION OF THE CONVENING AUTHORITY MAKING SUSPENSION OF FORFEITURES CONTINGENT UPON APPELLANT'S INITIATING AND MAINTAINING AN ALLOTMENT TO HER SISTER FOR THE BENEFIT OF HER MINOR CHILD WAS AUTHORIZED UNDER THE UNIFORM CODE OF MILITARY JUSTICE AND THE MANUAL FOR COURTS–MARTIAL [, UNITED STATES, 1984].

After careful consideration, we conclude that even though it is not expressly stated, the power of convening authorities to so act is inherent within the Uniform Code of Military Justice and the Manual for Courts–Martial, United States, 1984. Thus, we resolve this issue in the affirmative.

Article 60(c)(1), UCMJ, 10 USC § 860(c)(1)(1983), which discusses a convening authority's power, states that

[t]he authority under this section to modify the findings and sentence of a court-martial is a matter of command prerogative involving the *sole discretion* of the convening authority.

(Emphasis added.) Additionally, previous rulings of this Court have supported his unique position. *See United States v. Spurlin,* 33 MJ 443 (CMA 1991); *United States v. Hill,* 27 MJ 293 (CMA 1988); *United States v. DeGrocco,* 23 MJ 146 (CMA 1987). *See also* RCM 1107, Manual, *supra;* and *cf. Vanover v. Clark,* 27 MJ 345, 347 (CMA 1988) ["broad scope of pros-

ecutorial power traditionally afforded the convening authority" (citations omitted)].

The "sole discretion" to modify a sentence necessarily includes the power to suspend a sentence. Under Article 71(d), UCMJ, 10 USC § 871(d), "[t]he convening authority ... acting ... under [Article 60] ... may suspend the execution of any sentence or part thereof, except a death sentence." These provisions reflect, and this Court has interpreted, the convening authority's broad and discretionary power to modify and suspend sentences. However, the modification and suspension of sentences had involved confinement. *See United States v. Tuggle,* 34 MJ 89 (CMA 1992) [convening authority approved confinement contingent upon nonpayment of fine, under RCM 1003(b)(3) and 1113(d)(3) ]; *Pearson v. Cox,* 10 MJ 317 (CMA 1981) (convening authority had broad discretion to impose reasonable conditions on deferment of confinement); *United States v. Christensen,* 12 USCMA 393, 30 CMR 393 (1961) (convening authority approved partial forfeitures for the same period as the suspension from rank). Likewise, the Court of Military Review also has addressed the broad power of a convening authority in terms of confinement. *See United States v. Myrick,* 24 MJ 792 (ACMR 1987) (convening authority vacated suspended sentence after violation of conditions placed on suspended sentence).

However, given the convening authority's broad power and this Court's decisions confirming that power, we acknowledge that Articles 60 and 71 are silent about whether a condition may be imposed upon suspension of forfeitures. RCM 1108(a) states the following regarding a suspended sentence:

Suspension of a sentence grants the accused a probationary period during which the suspended part of an approved sentence is not executed, and upon the accused's successful completion of which the suspended part of the sentence shall be remitted.

RCM 1108(c) makes implicit in every suspension, without its being stated, the condition that the probationer not violate any punitive article of the Code, but that paragraph also provides that any other "conditions of the suspension" shall be stated "in writing." RCM 1108(d) does discuss limitations on suspension; however, the only limits are time limitations. *See also* para. 5–29, Army Regulation (AR) 27–10, Legal Services: Military Justice (22 December 1989).

We hold, therefore, that a convening authority may, in the exercise of his discretionary powers under Articles 60 and 71, suspend all of an adjudged sentence, or any part thereof, and may impose reasonable and lawful conditions upon the accused as a provision of that suspension. Although we do not find an express grant of authority for such action, we hold that inherent among those powers given to the convening authority in the Uniform Code of Military Justice and the Manual for Courts–Martial is the power to conditionally suspend forfeitures. *See United States v. Garcia*, 29 MJ 721 (CGCMR 1989) (CA approved a sentence suspending "forfeitures for 15 months on condition that the accused execute and maintain for 12 months a pay adjustment authorization for $300.00 in accordance with the terms of a pretrial agreement").

In the latter regard, we hold that the conditions cannot: (1) increase the severity of the sentence; (2) violate public policy or duly issued regulations; or (3) be contrary to provisions of the Manual for Courts–Martial or the Uniform Code.

In the case at bar, the convening authority did not increase "the severity" of the sentence. *See* RCM 1107(d)(1); *United States v. Brice*, 17 USCMA 336, 38 CMR 134 (1967). He took his action, exercising his broad discretion and considering a broad range of matter arising from appellant's case. *United States v. Spurlin, supra* at 444; *United States v. Massey*, 5 USCMA 514, 18 CMR 138 (1955); *United States v. Williams*, 43 CMR 579 (ACMR 1970). The suspension of forfeitures was purely a matter of clemency for the benefit of appellant's daughter. Contrary to his staff judge advocate's recommendation for no further clemency, the convening authority heard appellant's plea to allow for the support of her child.

Moreover, the convening authority's action did not contravene any Army regulation. On the contrary, it merely assured compliance with what would have been Cowan's duty.[2]

Finally, the convening authority's action was not violative of public policy and in fact it furthered the express goals of Army regulations. Both parties, in their briefs and at oral argument, agree that the convening authority in this case did not exceed the power granted under the Uniform Code of Military Justice or the Manual for Courts–Martial.

Although our decision approves the action taken by the convening authority in this case, we would be remiss if we failed to mention the dangers that may accompany such actions. Namely, we note that problems may arise from the "lawful but cumbersome conditions of suspension." *United States v. Cowan*, 32 MJ at 1046. (Johnston, J., concurring in part and dissenting in part). Certainly administration of such conditions may prove cumbersome and foreign to a convening authority. Therefore, we join the majority and separate opinions of the Court of Military Re-

---

**2.** Cowan's duty is the same as that imposed on fellow servicemembers. AR 608–99—a punitive regulation—requires servicemembers to support their children. *See* paras. 1–5, 2–4, and 7–3, AR 608–99, Personal Affairs: Family Support, Child Custody, and Paternity (4 Nov 1985). The convening authority merely provided Cowan with a means to comply with her duty, both as a servicemember and a responsible parent. Generally speaking, and exclusive of Cowan's prosecution or the prosecution of others like her, servicemembers who fail to comply with such a duty subject themselves to the possibility of being court-martialed for violating a lawful general order under Article 92, Uniform Code of Military Justice, 10 USC § 892. *See* para. 1–4e(8), AR 608–99.

view, and warn that such actions by convening authorities should be limited to avoid such problem.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.