UNITED STATES, Appellee,

v.

**Private First Class Tony E. CABBLE,
370–90–0126, United States Army,
Appellant.**

ACMR 9202439.

U.S. Army Court of Military Review.

30 Nov. 1993.

For Appellant: Colonel Malcolm H. Squires, Jr., JAGC, Captain Victor A. Tall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Kenneth T. Grant, JAGC, Captain Jane F. Polcen, JAGC (on brief).

Before WERNER, LANE, and RUSSELL, Appellate Military Judges.

OPINION OF THE COURT

LANE, Judge:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of larceny, aggravated assault, housebreaking and breaking restriction, in violation of Articles 121, 128, 130 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 928, 930 and 934 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for forty-two months, forfeiture of all pay and allowances, and reduction to Private E1, but suspended all confinement in excess of thirty-six months for one year.

The quantum portion of the appellant's pretrial agreement stated:

The convening authority agrees to suspend for a period of one year *from the date of release from confinement actually served,* any confinement adjudged in excess of 36 months. The suspended portion shall, unless sooner vacated, be

remitted without further action one year *from the date of release of the accused from confinement.*

(Emphasis added.)

The appellant asserts, inter alia, that the convening authority violated this portion of the pretrial agreement by not specifically stating in his action that the period of suspension would start on the date of the appellant's release from confinement. The government contends that the convening authority was bound by Army Reg. 27–10, Legal Services: Military Justice, para. 5–29 (22 Dec. 1989) [hereinafter AR 27–10] to start the suspension on the date of the action, and that this does not prejudice the appellant. We disagree with both parties.

A convening authority has the "sole" discretion to determine what action to take on the findings and sentence of a court-martial, as a matter of command prerogative. Article 60(c)(1), UCMJ; Rule for Courts–Martial 1107(b)(1) [hereinafter R.C.M.]. In determining what sentence to approve, he should be guided by the circumstances of the offense and what is appropriate for the accused. R.C.M. 1107(d)(2). In taking action on a sentence, he may disapprove or change a legal sentence, or suspend the execution of all or part of the sentence; however, he may not increase the punishment imposed. R.C.M. 1107(d)(1) and (f)(4)(B). A suspension of all or part of a sentence "shall be for a stated period or until the occurrence of an anticipated future event." R.C.M. 1108(d). Only if his action on the sentence is incomplete, ambiguous, or erroneous can this court instruct him to change it, and then only to correct the error. R.C.M. 1107(g).

R.C.M. 1108(d) provides that the Secretary concerned may further limit, by regulation, the permissible period of suspension.[1] AR 27–10, para. 5–29b, is the Secretary of the Army's exercise of this authority, stating that suspensions will be for prescribed periods "calculated from the date of the order announcing the suspension...." For general courts-martial, the period of suspension is two years or the period of any unexecuted portion of confinement, whichever is longer. AR 27–10, para. 5–29b(4).

■ Taking all of the above together, it is clear that the convening authority's power as to sentences, and thus his power to enter into pretrial agreements with respect to the exercise of that power, is virtually limitless. *See United States v. Cowan,* 34 M.J. 258 (C.M.A.1992); *United States v. Bowen,* 29 M.J. 779 (A.C.M.R. 1989). In *Cowan,* the court approved a convening authority's exercise of his post-trial sentence powers in ordering a conditional suspension of forfeitures, even though there was no regulatory basis. In doing so, they noted that this action did not contravene any Army regulation. *Cowan,* 34 M.J. at 260. Contrary to the government's contention, agreeing to a one year suspension beginning on the date of the appellant's release from confinement, as it does not run for more than two years (or any unexecuted confinement, whichever is longer), is not in contravention of AR 27–10. Whatever "calculated from" in AR 27–10 means, we will not interpret it to only mean "starting from."[2] Accordingly, the pretrial agreement provisions, which counsel for both sides reaffirmed as correct and intentional at trial, are proper and enforceable.

As for the defense concerns, no issue is yet ripe for our action. If the government attempts to take an action contrary to the terms of the pretrial agreement, as agreed to by the parties at trial, the appellant can return to this court for an extraordinary writ.

---

1. *See also* 10 U.S.C. § 953 (directs service secretaries to establish, as part of correctional program, a system for suspending sentences); *United States v. Kinney,* 22 M.J. 872, 875 n. 3 (A.C.M.R.1986).

2. If the government wishes to limit a convening authority's suspension power to deny him the right to start a suspension at any date later than the date of the action—and we do not hold here that such is legally permissible or not subject to being overtaken by means of a pretrial agreement—then it will have to make the terms of AR 27–10 more specific than they currently are.

■ We also note the appellant's attack on the defense counsel's sentencing argument concerning the appropriateness of a punitive discharge. The trial counsel requested the military judge sentence the appellant, in part, to a dishonorable discharge. Defense counsel countered by arguing that "[i]n looking at the entire background, a dishonorable discharge is not in order, that a bad conduct discharge is what's appropriate." We interpret defense counsel's comments to contain, sub silentio, the caveat that the military judge must first determine that a discharge of some type is appropriate before imposing either type of discharge. While somewhat unartful, counsel was not arguing for the imposition of a discharge, but rather for a lesser form of discharge in the event a discharge was to be imposed. *United States v. Volmar,* 15 M.J. 339 (C.M.A.1983); *United States v. Cornelius,* 37 M.J. 622, 627 (A.C.M.R.1993). Accordingly, the military judge had no obligation to inquire further.

The remaining assertions of error, including those personally raised by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge WERNER and Judge RUSSELL concur.