810

UNITED STATES, Appellee,

v.

**Specialist Larry E. WENDLANDT,
388–84–1427, United States
Army, Appellant.**

**ACMR 9301085.**

U.S. Army Court of Military Review.

3 Feb. 1994.

For Appellant: Colonel Stephen D. Smith, JAGC, Captain Victor A. Tall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Marcus A. Brinks, JAGC, USAR, Captain Gregory T. Baldwin, JAGC, Captain R.W. Clark, JAGC (on brief).

Before WERNER, LANE, and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT

LANE, Judge:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of two specifications of indecent acts with a child under the age of sixteen and false swearing, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1988) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for twenty-one months, and reduction to Private E1. The convening authority, in exercising clemency,[1]

---

1. The appellant pled guilty pursuant to a pretrial agreement wherein the convening authority

agreed to disapprove any confinement in excess of twenty-four months. As the appellant's sen-

suspended the discharge and all confinement in excess of nine months, for a period of twelve months beginning on the date the appellant is released from confinement, subject to a series of conditions relating to completion of a sexual offender treatment program. The complete action is set forth in an Appendix to this opinion as it has become the focal point in this case on appeal.

The appellant asserts, inter alia, that Army policies require that the suspension begin on the date of the convening authority's action, rather than the date of the appellant's release from confinement. Army Reg. 27–10, Legal Services: Military Justice, para. 5–29 (22 Dec. 1989) [hereinafter AR 27–10].[2] The government contends that the action was unartfully drawn and really intends to impose either a twenty-one month suspension if the appellant completes the treatment program in nine months (that is, nine months of incarceration plus twelve months thereafter) or a twenty-four month suspension if the appellant fails to complete treatment in nine months. Either action, it is argued, is consistent with AR 27–10 and its limits on the length of suspensions.[3]

This court was concerned with the requirement that the "Commander of the Military Medical Treatment Facility supporting the Confinement Facility" certify that the appellant has successfully completed the sexual offender treatment program prior to his being released from confinement and the initiation of the twelve-month suspension. Accordingly, we specified the issue, as one of improper delegation of the convening authority's suspension power, for briefing by the

parties.[4] In response, both parties contend that there was no improper delegation of authority, and adhere to their original assertions.

The issues before us arise from the convening authority's action. First, is it improper for a convening authority to direct that a suspension begin at a date later than the date of the action? Second, was there an illegal delegation of authority with regard to when the suspension would take effect? Third, if the second issue is answered affirmatively, does that invalidate the entire action or only the conditions to which the improper delegation relate? We hold, under the facts of this case, that: directing that the suspension begin on a date later than the date of the action was not per se improper; there was an illegal delegation of the suspension authority; and, the illegal delegation did not invalidate the entire action.

I.

The government contends that the convening authority's twelve-month suspension, added to the period of confinement, covers no more than the twenty-one months of adjudged confinement and is thus consistent with AR 27–10 as a twenty-one month suspension. But to accept this position would require us to increase the period of suspension from twelve to twenty-one months, which we are precluded from doing. *United States v. DeVore*, 10 U.S.C.M.A. 375, 27 C.M.R. 449, 1959 WL 3648 (C.M.A.1959).

■ In *Cabble*, we declined to hold that AR 27–10 required all suspensions to start on

---

tence included a shorter period of confinement, the convening authority could have merely approved the adjudged sentence.

2. Paragraph 5–29(b), AR 27–10, provides, in pertinent part:

A reasonable period of suspension shall be calculated from the date of the order announcing the suspension and shall not extend beyond—
. . . .
(4) Two years or the period of any unexecuted portion of confinement (that portion of approved confinement unserved as of the date of action), whichever is longer, for a GCM.

3. While not specifically stating its position on the appellant's contention, the government seems to be conceding by its argument that the beginning

date of the suspension must be the date of the convening authority's action. This is consistent with its position in a recent case on the same issue. *United States v. Cabble*, 38 M.J. 654 (A.C.M.R.1993).

4. The specified issue was as follows:

WHETHER THE CONVENING AUTHORITY IMPROPERLY DELEGATED SUSPENSION AUTHORITY TO THE COMMANDER OF THE MEDICAL TREATMENT FACILITY SUPPORTING THE APPELLANT'S CONFINEMENT FACILITY, IN VIOLATION OF ARTICLES 60 AND 71, UCMJ, BY MAKING THAT OFFICIAL'S CERTIFICATION OF SUCCESSFUL COMPLETION OF A SEXUAL OFFENDER TREATMENT PROGRAM A CONDITION FOR THE INITIATION OF SUSPENSION.

the date of the action in the face of a pretrial agreement which provided a later starting date. *Cabble*, 38 M.J. at 655. We based this on the broad powers of the convening authority to act on the findings and sentence under Article 60(c)(1), UCMJ, and the less than compelling language of AR 27–10. *Id.* This case requires us to look again at this issue, but without the presence of a pretrial agreement. If the phrase "calculated from" in AR 27–10 is not synonymous with "start from," then what does it mean? The plain language of the regulation appears to say that one calculates the maximum allowable suspension period (two years or the unexecuted confinement, whichever is longer) from the date of the action, and then measures the actual suspension against that calculation. This invades the powers of the convening authority no more than is necessary to give meaning to the regulation.

In this case, the appellant had served one and one-third months of his twenty-one months of adjudged confinement on the date of the action (21 July 1993); thus, he had nineteen and two-thirds months remaining, that is, unexecuted (per AR 27–10). This being shorter than twenty-four months, the convening authority was free to direct any suspension, beginning on any date, so long as it terminated no later than 21 July 1995. In both the initial paragraph and condition (1) of his action, the convening authority desired that the first nine months of the twenty-one months be served, and that the remaining twelve months be suspended for twelve months, starting at the beginning of the tenth month. If all went well, the appellant would have completed the suspension (not counting good time) on 10 March 1995, clearly within the AR 27–10 calculated suspension period.

But in trying to cover contingencies in condition (2) of his action, the convening authority created a situation that would possibly run afoul of the language of AR 27–10. If the appellant did not get his certificate by 21 July 1994 (just over thirteen months through his twenty-one months of confinement), then any twelve-month suspension starting thereafter would extend past 21 July

1995, the outer limit allowed by this interpretation of AR 27–10. Thus, we have a potentially improper action. However, because of a greater defect in the action growing out of even the entirely proper provisions for a later starting date, we do not resolve the question of the legality of the action on this basis.

II.

■ At the trial level, only the convening authority can grant an accused clemency by suspending all or part of the sentence of a court-martial punishment. Article 71(d), UCMJ, 10 U.S.C. § 871(d); Rule for Courts-Martial 1108(b); *United States v. Wise*, 6 U.S.C.M.A. 472, 20 C.M.R. 188, 1955 WL 3549 (C.M.A.1955). In granting this clemency power to the convening authority, Congress contemplated that that individual would consider each case on its merits, weighing individually the accused's potential for redeeming himself. *Id.* 20 C.M.R. at 191. Therefore, it is a discretionary (nonministerial) power, and it can only be delegated if the grant of authority specifically provides for delegation. *United States v. Butts*, 7 U.S.C.M.A. 472, 22 C.M.R. 262, 1957 WL 4622 (1957). The Uniform Code of Military Justice does not so provide. Article 71(d), UCMJ, states that the convening authority (or other person acting under Article 60, UCMJ,[5] 10 U.S.C. § 860) may suspend execution; nowhere does it mention delegation.

In *Butts*, the convening authority's action approved the sentence and suspended execution of the discharge for six months, but then went on to provide that the suspension "will not become effective unless the conduct of the accused has been satisfactory to his commanding officer" during the period following trial. The court found that:

> the stated condition actually grants to the accused's commanding officer the power to determine the effectiveness of the suspension. Legally and practically, it delegates the power to suspend.

22 C.M.R. at 265.

■. In this case, the convening authority conditioned the start of the suspension (and

---

5. Under Article 60, UCMJ, other persons who may act on sentences are acting commanders, successors to a convening authority, and other convening authorities, as provided in Secretarial regulations. No provision for delegation exists in that article either.

also the date of release from confinement) on successful completion of a treatment program as certified by the medical treatment facility (MTF) commander, whether it be at the nine-month mark (condition (1)) or some later time (condition (2)). Two words in these conditions are very important. The first is "successful," which implies a subjective determination. A person can complete a job (e.g., building a bookcase), but the user may not deem the work successful (e.g., if the shelves are crooked, or not spaced to accommodate large books). The second is "certify," which requires an affirmative action. Thus, the MTF commander must take an affirmative action based on a subjective determination which is certainly no less crucial to the effectiveness of the suspension than the commander in *Butts* determining that the accused's conduct "has been satisfactory." To worst case this action, if the MTF commander never certifies successful completion of the program by the appellant, then the appellant will never have the benefit of the convening authority's clemency. He will serve his twenty-one months (less good time) and be discharged.

Accordingly, we find that the convening authority illegally delegated his power of suspension to the MTF commander, and we will give no effect thereto.

### III.

■ Article 66(c), UCMJ, 10 U.S.C. § 866(c), provides that this court will affirm only "the sentence or such part or amount of the sentence" approved by the convening authority as we determine should be approved. In cases where a convening authority's action on a sentence is ambiguous or inconsistent, the court may modify the sentence to resolve the ambiguity or inconsistency in favor of the accused, affirming an appropriate sentence which is not more severe than that adjudged. *United States v. Mason*, 16 C.M.R. 795 (A.B.R.1954). The court can also simply void any portion of a convening authority's action it finds illegal. *Id.*

■ Accordingly, we find that our decision that an improper delegation existed does not require setting aside the entire action, but only requires voiding those portions relating thereto. Obviously, what is left after voiding the illegal portion must amount to a valid action approving an appropriate, and not more severe, sentence. Such exists in this case, and we will so provide in our decretal paragraph.

Finally, we reiterate our previously stated strong reservation about "creative suspensions" which may be fraught with practical problems of interpretation and administration; the Court of Military Appeals has specifically seconded this admonition. *United States v. Cowan*, 32 M.J. 1041, 1042 (A.C.M.R.1991), *aff'd*, 34 M.J. 258, 260–61 (C.M.A.1992).[6]

The remaining assertion of error is without merit.

The findings of guilty are affirmed. Only so much of the approved sentence as provides for a bad-conduct discharge, confinement for twenty-one months, and reduction to Private E1 is affirmed, but the execution of that portion of the sentence extending to confinement in excess of nine months and to the bad-conduct discharge is suspended for twelve months from the date the accused is released from confinement, at which time, unless the suspension is sooner vacated, the suspended portion of the sentence will be remitted without further action.

Senior Judge WERNER concurs.

### APPENDIX

### ACTION

### DEPARTMENT OF THE ARMY

Headquarters, 21st Theater
Army Area Command

Unit 23203

APO AE 09263

In the case of Specialist Larry E. Wendlandt, 388–84–1427, U.S. Army, 236th Medical De-

---

6. Furthermore, operation of the Army correctional system is outside the province of convening authorities. *See* Army Reg. 190–47, Military Police: The United States Army Correctional System (1 Oct. 1978) (C1, 1 Nov. 1980).

tachment, 2d General Hospital, APO AE 09180, the sentence is approved and except for the bad-conduct discharge, will be executed, but the execution of that part of the sentence extending to confinement in excess of nine months and the bad-conduct discharge is suspended for 12 months, at which time, unless the suspension is sooner vacated, the suspended part of the sentence will be remitted without further action.

The suspension is conditioned upon either 1 or 2, and 3 below:

(1) The accused must enter into a sexual offender treatment program, approved by the Commander of the Military Medical Treatment Facility supporting the Confinement Facility and the accused must be certified as successfully completing this sexual offender treatment program within nine months after the sentence was announced by the military judge, in order for the execution of that part of the sentence extending to confinement in excess of nine months and the bad-conduct discharge to be suspended for twelve months. The Commander of the Military Medical Treatment Facility that supports the Confinement Facility is the only authority that can certify successful completion of the sexual offender treatment program. The twelve month suspension period begins the date the accused is released from confinement.

(2) The accused must enter into a sexual offender treatment program, approved by the Commander of the Military Medical Treatment Facility supporting the Confinement Facility and if the accused is certified as successfully completing this sexual offender treatment program after more than nine months after the sentence was announced by the military judge, the execution of that part of the sentence extending to confinement beyond time served and the bad-conduct discharge is suspended for twelve months. The Commander of the Military Medical Treatment Facility that supports the Confinement Facility, is the sole authority that can certify successful completion of the sexual offender treatment program. The suspension of confinement begins the date this Military Medical Treatment Facility Commander signs the certificate of successful completion of the sexual treatment program. The twelve month suspension period begins the date the accused is released from confinement.

(3) The accused shall not violate any punitive article of the Uniform Code of Military Justice.

/s/
WILLIAM G. PAGONIS
Lieutenant General, USA
Commanding

RUSSELL, Judge (concurring in part and dissenting in part):

I concur with Judge Lane's well reasoned conclusion that a portion of the convening authority's action unlawfully vested discretion in the Commander of the Medical Treatment Facility (MTF). His exercise of this authority would be more than merely ministerial conduct. Consequently, that portion of the sentence cannot be affirmed.

Though I wholeheartedly agree with the reasoning of my brethren that leads them to find an unlawful delegation, I am concerned that their decretal paragraph reaches beyond the limits of that reasoning. In it, they have swept away not only the action's offensive delegating language, but also the remaining lawful portion of the convening authority's precondition. Consequently, the appellant will be released from confinement and will have his bad-conduct discharge remitted without any guarantee of a good faith effort to maximize rehabilitative potential and minimize the risk of recidivism by enrollment in a sex offender program.

I find this case disturbing, but not because the appellant receives a windfall. The problem here is twofold. The decision ignores the convening authority's highly informed determination that suspension would not serve the military sentencing purposes of rehabilitation or the protection of society unless the appellant first participated in a sex offender program. Secondly, it leaves the erroneous impression that a convening authority does not have the power, as a means of risk reduction, to condition a suspension upon the requirement that an accused participate in a prescribed rehabilitation program; a convening authority clearly has such authority.

*United States v. Myrick,* 24 M.J. 792 (A.C.M.R.1987); *see United States v. Cowan,* 34 M.J. 258 (C.M.A.1992).

In this case I would favor a more balanced approach that provides the intended clemency without invading the powers of the convening authority more than is necessary to eliminate his unlawful delegation of discretionary authority. If it is possible to give unambiguous effect to an appropriate and important condition affecting public safety we ought to do so. Specifically, I would use conditional language similar to that affirmed in *Myrick* to compose a more complete decretal affirmance:

> The findings of guilty are affirmed. Only so much of the approved sentence as provides for a bad-conduct discharge, confinement for twenty-one months, and reduction to Private E–1 is affirmed, but the execution of that portion of the sentence extending to the bad-conduct discharge and confinement in excess of time served is suspended for twelve months from the date the appellant is released from confinement, or two years from the date of the convening authority's action, whichever comes soonest.[1] At the conclusion of the suspension period, unless the suspension is sooner vacated, the suspended portion of the sentence will be remitted without further action. The suspension is conditioned upon the appellant's prior participation in the sex offender program provided to confinees by the supporting Medical Treatment Facility.

---

1. The somewhat convoluted provision setting the limits of the probationary period is designed to give effect to the convening authority's intent without exceeding the limit established in AR 27–10. *See* n. 2, supra (Lane, J.).