UNITED STATES

v.

Joe V. BARRAZA, Jr., 526 75 5608, Sergeant (E–5), U.S. Marine Corps.

NMCM 94 01837.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 8 Dec. 1993.

Decided 29 March 1996.

LT Paul J. Ferdenzi, JAGC, USNR, Appellate Defense Counsel.

LT Randy S. Kravis, JAGC, USNR, Appellate Government Counsel.

Before DOMBROSKI, C.J., KEATING, Senior Judge, and LUCAS, J.

PER CURIAM.

Pursuant to a pretrial agreement, the appellant pled guilty at a general court-martial to two specifications of sodomy with a child and one specification of committing indecent acts with a child in violation of Article 125 and 134, Uniform Code of Military Justice, 10

U.S.C. §§ 925, 934, respectively. In accordance with his pleas, he was found guilty of these offenses and sentenced to confinement for 10 years, forfeiture of all pay and allowances, reduction to pay grade E–1 and a dishonorable discharge.

On 23 September 1994, the convening authority approved the sentence and, except for the dishonorable discharge, ordered it executed. However, he modified the confinement portion of the appellant's adjudged sentence by ordering that "[e]xecution of that part of the sentence adjudging confinement in excess of 14 months and 6 days will be suspended for a period of 36 months from the date of this action...." Convening Authority's Action of 23 Sep 94.

In his only assignment of error,[1] the appellant contends that the convening authority's action violated the confinement terms of his pretrial agreement by increasing the confinement suspension period from 12 to 36 months. Under the explicit terms of the pretrial agreement, all adjudged confinement in excess of 46 months was to be suspended for 12 months from the date of the convening authority's action. Appellate Ex. III.

### Facts

Initially, we note that the actual difference between the convening authority's action and the pretrial agreement was a reduction of the appellant's confinement from 46 months to 14 months and 6 days coupled with an increase of his confinement suspension period from 12 months to 36 months.[2]

Moreover, the appellant, through his substitute trial defense counsel, asked the convening authority to modify the pretrial agreement. In accordance with Rule for Courts–Martial [R.C.M.] 1105, the appellant submitted a detailed clemency request to the convening authority prior to his action. See Trial Defense Counsel ltr 5800 Ser AR/DC3 of 18 Jul 94. The trial defense counsel requested that the convening authority "re-evaluate the sentence and the *pretrial agreement*, and disapprove all confinement in excess of five years, suspend all confinement in excess of three years, and suspend the dishonorable discharge." *Id.* (emphasis added). The request stated that reduced confinement would aid the recovery process of the appellant's family and be in the best interest of the Marine Corps. As additional support, it also contained numerous letters from family members, military personnel, and physicians echoing those themes.

### Convening Authority's Power to Act on a Sentence

█ A convening authority is required to act on a court-martial sentence. Article 60(c)(2), UCMJ; 10 U.S.C. § 860(c)(2). In so doing, he has the sole discretionary power to "approve, disapprove, commute, or suspend the sentence in whole or in part." *Id.* He may "change a punishment to one of a different nature as long as the severity of the punishment is not increased." R.C.M. 1107(d)(1). After approving a sentence, the convening authority may suspend its execution. UCMJ, Art. 71(d), 10 U.S.C.A. § 871; R.C.M. 1108(b).

---

1. THE CONVENING AUTHORITY FAILED TO HONOR THE TERMS OF THE PRETRIAL AGREEMENT WHEN HE INCREASED THE PERIOD OF SUSPENSION TO 36 MONTHS, EXCEEDING THE PREVIOUSLY AGREED UPON 12 MONTH CAP ON SUSPENSION. R.C.M. 705. THE CONVENING AUTHORITY MUST HONOR THE TERMS OF THE PRETRIAL AGREEMENT WHEN TAKING HIS ACTION, UNLESS APPELLANT VIOLATES THE

| Date Sentenced | Date of CA's Action |
|---|---|
| 8 Dec 93 | 23 Sep 94 |

CONDITIONS OF THE PRETRIAL AGREEMENT. THE RECORD FAILS TO SHOW THAT APPELLANT VIOLATED THE TERMS OF HIS PRETRIAL AGREEMENT.

2. The following timeline depicts the appellant's confinement and suspension periods under the convening authority's [CA] action and the pretrial agreement, respectively:

| Suspension Period Ends | Confinement Period Ends |
|---|---|
| Per CA's Action: 22 Sep 97 | 14 Feb 95 * |
| Per PTA: 22 Sep 95 | 8 Oct 97 |

* The Government's brief indicates that the appellant's actual confinement release date was 15 October 1994.

■ Individual evaluation of each case, rather than implementation of any mechanical procedure, is necessary to determine an adequate substitute sentence. *United States v. Hodges*, 22 M.J. 260, 262 (C.M.A.1986); *United States v. Darusin*, 20 USCMA 354, 356, 43 C.M.R. 194, 196, 1971 WL 12757 (1971). Indeed, "[t]here is no preexisting formula for determining an appropriate substitution." *United States v. Carter*, 42 M.J. 745, 747 (A.F.Ct.Crim.App.1995). A "convening authority shall approve that sentence which is warranted by the circumstances of the offense and appropriate for the accused." R.C.M. 1107(d)(2).

■ However, before exercising these powers, a convening authority must also consider the sentencing terms of any applicable pretrial agreement since its terms can limit a reviewing authority's power to modify a sentence. *See Hodges*, 22 M.J. 260 (holding that the Army Court of Military Review's attempt to commute the appellant's sentence violated the terms of a pretrial agreement); *United States v. Coleman*, 31 M.J. 653, 656 (C.G.C.M.R.1990)("[T]he subject of compliance with the express terms of a pretrial agreement [is] a substantial matter which could seriously affect the fairness and integrity of our military judicial process.").

The issue that we must resolve is whether the convening authority's action, taken as a whole, is improper because it either increased the appellant's sentence or violated the terms of the pretrial agreement.

### Decision

■ We find that the convening authority's action was proper. Through his clemency powers, he reduced the appellant's actual confinement period to slightly more than 14 months; a period 32 months less than that permitted under the terms of the pretrial agreement and 22 months less than the appellant had requested in his post-trial clemency petition. The accompanying two-year suspension period increase does not increase the severity of the appellant's sentence because the reduced confinement plus the increased suspension period, taken together, do not exceed the confinement period the convening authority could have approved pursuant to the pretrial agreement.

■ Furthermore, the two-year suspension period increase does not violate the pretrial agreement since it does not raise an issue "ripe for our action." *United States v. Cabble*, 38 M.J. 654, 655 (A.C.M.R.1993). In *Cabble*, the appellant contended that the convening authority's action violated the pretrial agreement. He asserted that, under the terms of the pretrial agreement, the confinement suspension period was to begin on the appellant's confinement release date. However, the convening authority's action did not specify the suspension period commencement date. *Id.* The Army Court held that the defense had not raised a viable issue because the government had not taken any action violative of the pretrial agreement. The Court did acknowledge that "[i]f the government attempts to take an action contrary to the terms of the pretrial agreement ... the appellant can return to this court for an extraordinary writ." *Id.*

In the instant case, the record is devoid of any evidence that the Government has attempted to vacate the suspended sentence, as prescribed by R.C.M. 1109. We agree with our Army brethren that the issue is not ripe until the Government vacates the suspended sentence, at which time the appellant can petition this court for appropriate extraordinary relief.

Accordingly, we find that the convening authority's action did not increase the appellant's sentence nor has the convening authority violated the terms of the pretrial agreement. The findings and sentence, as approved on review below, are affirmed.