UNITED STATES

v.

Jeremy E. BORACCI, 544–84–5659, Utilitiesman Constructionman (E–3), U.S. Navy.

NMCM 98 00810.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 17 Sept. 1997.

Decided 9 April 1999.

LT Frank M. Doherty, JAGC, USNR, Appellate Defense Counsel.

LT James E. Grimes, JAGC, USNR, Appellate Government Counsel.

Before SEFTON, Chief Judge, TROIDL and ROLPH, Appellate Military Judges.

SEFTON, Chief Judge:

Appellant was tried on 24 July, 12 August, and 17 September 1997 by a military judge sitting alone as a general court-martial. Appellant providently pleaded guilty to 8 assaults consummated by batteries and an indecent assault on his minor stepson, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (1994). His approved sentence included confinement for 6 years, total forfeitures of pay and allowances, reduction to pay grade E–1, and a dishonorable discharge. Under the terms of his pretrial agreement, the convening authority suspended 1 year of confinement. That suspension was later vacated following the required hearing when appellant refused to continue participation in a program for sex offenders conducted in his confinement facility. Vacation of Suspension of 19 Nov 98; RULE FOR COURTS-MARTIAL 1109, MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.)[hereinafter MCM].

We have carefully considered the record of trial, appellant's assignments of error and brief in support thereof, and the Government's response. We conclude that no error prejudicial to the substantial rights of appellant was committed, and that the findings and sentence are appropriate in law and fact. Arts. 59(a) and 66(c), UCMJ.

## Vacation of the Suspended Term of Confinement

■ Appellant first contends that the convening authority acted improperly when, following a hearing held under R.C.M. 1109, he vacated the portion of confinement suspended by him in his earlier action on the sentence. Appellant does not contest the underlying basis for the action, in that appellant's refusal to continue in the sexual offender treatment program was unequivocal and admitted freely by him.

Appellant contends that the initial action which suspended all confinement beyond 5 years was an act of clemency by the convening authority, since no terms of suspension were served on appellant as indicated by R.C.M. 1108(c). Appellant suggests that strict compliance with the letter of R.C.M. 1108 is required because it impacts penal sanctions against him.

We agree with appellant that no specific terms of suspension appear in the record. We disagree, however, that the convening authority's suspension is an act of pure clemency unrelated to the specific terms of appellant's pretrial agreement.[1] That agreement, which was reviewed with appellant on the record by the military judge below, required appellant's participation, should he be sentenced to confinement, in a sex offender program in the confinement facility. Appellate Exhibit II at 3, ¶ 5; Record at 103.

Appellant participated successfully in the sexual offender program for a time, apparently in the spirit of his unsworn statement, where he said: "I will participate in whatever counseling the doctors think I need because I want to find out why I did these things. I want to take responsibility today and get my life back on the right track." Record at 134. But after a few months, he appears to have had a change of direction and heart on the subject. He stated, in writing, that he did not "need to participate for the simple fact that I know I do not have a problem in this area." Refusal of Treatment Services of 1 April 1998. This sudden turnabout in attitude is surprising, considering the record evidence of recurring physical abuse of his infant stepson.

Our research reveals a paucity of authority on the specific issue before us. Our sister court, in *United States v. Myrick*, 24 M.J. 792, 795–96 (A.C.M.R.1987), found under strikingly similar circumstances that where the terms of suspension were contained in a pretrial agreement and were explained to the appellant by the military judge, failure to serve the appellant with the terms of suspen-

---

1. The memorandum of the pretrial agreement in a section entitled "Additional Terms," requires appellant to voluntarily participate in the Sex Offender Treatment Program during the period of confinement. The sentence limitation portion of the pretrial agreement suspends confinement in excess of 5 years unless sooner vacated.

sion was not fatal to the vacation of suspension under R.C.M. 1108 and R.C.M. 1109. We believe the approach in *Myrick* was sound, and the resolution of the issue correct. Their consideration of the issue came on a remand from our superior court. No further appellate history appears to indicate a contrary opinion on the subject by our superior court.

We find, as appellant asserts, that the terms of R.C.M. 1108(c) were not literally complied with. However, we do find substantial compliance with R.C.M. 1108(c), and full compliance with the underlying basis for the rule: proper notice of the terms of probation "designed to facilitate vacation when that becomes necessary." Analysis of Rules for Courts–Martial, Appendix 21, MCM, Rule 1108 at A21–83. In other words, R.C.M. 1108(c) outlines the *due process* platform for initiating vacation under R.C.M. 1109. Here, appellant does not claim he was unaware of the requirement for participation in this sex offenders program, nor does he provide us any cogent reason for his failure to continue in the program beyond his personal desire not to do so, which we find unconvincing. Appellant agreed to the term in writing as part of the basis of his negotiated plea bargain. He assented to it in open court in response to questioning by the military judge to ascertain his understanding of the pretrial agreement. And he ultimately once again indicated a full appreciation of the requirement of the term, and the likely ramifications of his refusal to comply, during the vacation hearing itself. Vacation of Suspension of Sentence Letter Report of 26 Oct 1998 at 8.

Under these facts and circumstances, we conclude that appellant was sufficiently aware of the conditions of suspension to know what was expected of him. The failure of the Government to comply with the terms of R.C.M. 1108(c) was not fatal to the vacation of the suspension, which was otherwise carried out consistent with the requirements of law and regulation. *Myrick*, 24 M.J. at 796 (*citing United States v. Rozycki*, 3 M.J. 127 (C.M.A.1977)); *United States v. Bing-*

*ham*, 3 M.J. 119 (C.M.A.1977); and *United States v. Lallande*, 46 C.M.R. 170, 173 (C.M.A.1973). We also find that the provision in the pretrial agreement provided clear notice of the behavior governed by it. *Id.*[2]

### Sentence Appropriateness

Appellant contends that his sentence was inappropriately severe, especially since no "serious injury" was inflicted on his infant son by him. Appellant's Brief at 5. Appellant repeatedly hit a two-year-old child on his head, shook the child when frustrated, grabbed his stomach until the child cried, hit him with a fly swatter, and placed stereo head phones on the child at a high volume as part of his scheme of maneuver. When the child would not do as appellant wished while "potty training," appellant would "flick" or squeeze the child's penis, causing the child to beg appellant to stop so as not to hurt him further. Prosecution Exhibit 6. Twice while bathing his two-year old victim, appellant took a toy alligator with a moveable mouth and closed its jaws on the young boy's penis, causing him to cry out in pain. *Id.; see also* Prosecution Exhibit 9.

On yet another occasion, appellant forced his index finger up this same infant's rectum to the first knuckle, causing rectal bleeding. Appellant's arousal in those circumstances was diminished, however, when the child screamed due to the pain. Prosecution Exhibit 7. This negated appellant's original assessment that "maybe [the child] would enjoy it." *Id.* We are not convinced that such a pattern of egregious physical and mental abuse, because no scars or other outward remnants of his actions remain, did not wreak "serious injury," nonetheless. We are convinced beyond cavil that punishment imposed and approved below under these circumstances was amply warranted.

 A court-martial is free to impose any legal sentence that it determines is appropriate. *United States v. Turner*, 14 U.S.C.M.A. 435, 437, 34 C.M.R. 215, 217 (1964); R.C.M. 1002. We may affirm only such findings of guilty and sentence as we

---

2. We specifically decline to adopt appellant's assertions that the original suspension was a pure act of clemency by the convening authority be-

yond the terms and provisions agreed by the parties.

find correct in law and fact and determine, based upon our review, should be approved. Art. 66(c), UCMJ. We review sentence appropriateness, and do not provide clemency, which is the sole province of the convening authority. *United States v. Healy,* 26 M.J. 394, 395–96 (C.M.A.1988); R.C.M. 1107(b). An appropriate sentence results from an "individualized consideration" based upon "the nature and seriousness of the offense and the character of the offender." *United States v. Snelling,* 14 M.J. 267 (C.M.A.1982); *see also United States v. Varacalle,* 4 M.J. 181, 183 (C.M.A.1978).

■ Appellant faced a maximum punishment for his offenses of 23 years confinement, a dishonorable discharge, total forfeitures, and reduction to pay grade E–1. Record at 70. The military judge instead sentenced appellant to 6 years confinement, a dishonorable discharge, total forfeitures, and reduction to pay grade E–1. *Id.* at 144. Given the nature and seriousness of appellant's offenses, the sentence imposed was wholly appropriate. Following due consideration of the case, the convening authority approved appellant's adjudged sentence, indicating his assessment of its appropriateness as well. Convening Authority's Action of 21 April 1998. Appellant's assignment of error before us amounts to nothing more than a request for clemency, which is the prerogative of the convening authority. *Healy,* 26 M.J. at 395–96; R.C.M. 1107(b). We are convinced that appellant received the required individualized consideration, which balanced offense and offender. This assignment of error is without merit.

### Conclusion

Accordingly, we affirm the findings and sentence as approved on review below.

Judge TROIDL and Judge ROLPH concur.